THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. HARVEY LEE BROOKS, a/k/a Harvey Lee Gray, Defendant-Appellant.

Fourth District   No. 4—93—0096

Opinion filed October 22, 1993.—Modified on denial of rehearing December 8, 1993.

James C. Economy, of Decatur, for appellant.

Lawrence R. Fichter, State's Attorney, of Decatur (Norbert J. Goetten, Robert J. Biderman, and Rebecca L. White, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE McCULLOUGH delivered the opinion of the court:

Defendant was convicted of home invasion (Ill. Rev. Stat. 1991, ch. 38, par. 12—11(a)) and aggravated battery (Ill. Rev. Stat. 1991, ch. 38, par. 12—4(b)(10)) following a jury trial in Macon County. He was subsequently sentenced to a term of 10 years' imprisonment for the home invasion conviction and a concurrent term of 4 years' imprisonment for the aggravated battery conviction. Defendant appeals, contending the trial court abused its discretion by (1) denying his motion for bail bond pending appeal; (2) quashing his subpoena *duces tecum* for certain township records; (3) allowing into evidence his medical records and testimony regarding treatment by his health-care giver; (4) denying his post-trial motion; and (5) permitting the State to introduce previously undisclosed evidence of his prior convictions, as well as those of one of his witnesses. Defendant also contends he was denied the effective assistance of counsel. We reject all of defendant's

arguments and affirm. The evidence will be reviewed only as it is important to the issues raised.

Defendant first contends the trial court abused its discretion by denying his motion for bail bond and stay pending appeal without giving any reasons for such denial. Defendant orally moved for an appeal bond at his sentencing hearing on December 30, 1992. The motion was denied, although the trial court gave no reasons for the denial. According to the docket sheet, on January 4, 1993, at the hearing on the motion to reimburse counsel, defendant filed in open court a motion for stay pending appeal. That motion was also denied. No transcript of this hearing appears in the record on appeal.

Defendant originally had bail set at $20,000 and he deposited $2,000 cash as bail security. After the jury verdict, the trial court increased the amount of bail by $10,000 and defendant deposited the additional cash. Following sentencing, the trial court released the last $1,000 cash posted by the defendant's grandmother. After the hearing on the motion to reimburse counsel, the trial court ordered defendant to pay $300 in court costs, to be deducted from the cash bond, with the remaining to be transmitted to the bond assignee.

Supreme Court Rule 609(b) provides:

> "If an appeal is taken from a judgment following which the defendant is sentenced to imprisonment, *** the defendant may be admitted to bail and the sentence or condition of imprisonment *** stayed, with or without bond, by a judge of the trial or reviewing court. Upon motion showing good cause the reviewing court or a judge thereof may revoke the order of the trial court or order that the amount of bail be increased or decreased." (134 Ill. 2d R. 609(b).)

Supreme Court Rule 609(b) provides that persons may be admitted to bail at the discretion of a judge of the trial or reviewing court. *People v. Williams* (1991), 143 Ill. 2d 477, 485, 577 N.E.2d 762, 765.

Defendant acknowledges that the granting of a motion for bail pending appeal is within the trial court's discretion. Defendant boldly asserts "Because the trial court clearly failed to afford this defendant even a cursory inspection to determine whether he should be admitted bail pending appeal, the court erred and arbitrarily denied the defendant's motion for bail bond pending appeal."

■ It was not necessary for the trial court to explain why bail was denied. The conviction and trial record in the absence of stated reasons may stand as the trial court's basis for denying bail. *United States ex rel. Kane v. Bensinger* (N.D. Ill. 1972), 359 F. Supp. 181, aff'd (7th Cir. 1973), 484 F.2d 874.

On June 8, 1993, defendant filed a motion in this court seeking bond pending appeal. This court denied his motion on June 14, 1993.

The conviction and trial record are a clear basis for denial of bail by this court. Defendant was convicted of aggravated battery and home invasion. The victim was a 68-year-old man who was physically disabled because of a recent stroke and suffered severe injuries during this altercation. Defendant had five previous felony convictions, including convictions for theft over $300, resisting a peace officer, harassment of witnesses, and aggravated battery and assault. See Ill. Rev. Stat. 1991, ch. 38, par. 110—5 (factors for allowing bail).

■ Next, defendant contends the trial court abused its discretion by quashing his subpoena *duces tecum*. Defendant sought certain Decatur township records which would provide last known and current addresses for certain people, namely Jamie Sutton, Jamie Lee Jones, Arthur Wright, Opal Reed, Frederick Reed, and William Marsland, which people defendant believed to be witnesses to his version of this incident. These witnesses were "street people" and defendant believed they were receiving Macon County township assistance which would require them to register their last known address with the township office.

Section 11—9 of the Illinois Public Aid Code (Code) provides:

> "For the protection of applicants and recipients, the Illinois Department, the county departments and local governmental units and their respective officers and employees are prohibited, except as hereinafter provided, from disclosing the contents of any records, files, papers and communications, except for purposes directly connected with the administration of public aid under this Code.
>
> In any judicial proceeding, except a proceeding directly concerned with the administration of programs provided for in this Code, such records, files, papers and communications, and their contents shall be deemed privileged communications and shall be disclosed only upon the order of the court, where the court finds such to be necessary in the interest of justice." Ill. Rev. Stat. 1991, ch. 23, par. 11—9.

The docket entry for December 8, 1992, indicates the cause was called for hearing on the motion of the supervisor of general assistance for the town of Decatur, regarding whether the contents of the records of those previously named persons should be disclosed. The docket sheet indicates "Witnesses sworn; evidence heard. Arguments heard," and the court quashed the subpoena. The court specifically

found that based upon the evidence produced it was not necessary for the interest of justice that these records be disclosed.

The appellant has the burden to present a sufficiently complete record of proceedings at trial to support a claim of error, and in the absence of such a record on appeal, it will be presumed that the order entered by the trial court was in conformity with the law and had a sufficient factual basis. *Foutch v. O'Bryant* (1984), 99 Ill. 2d 389, 391-92, 459 N.E.2d 958, 959.

Defendant contends the trial court erred in quashing his subpoena *duces tecum*. However, he failed to include in the record on appeal a transcript or report of proceedings of the hearing on the issue of whether to disclose the contents of these privileged records. Accordingly, we conclude the trial court properly quashed the subpoena and reject defendant's contention.

■ Defendant next asserts the trial court erred by allowing into evidence his medical records and testimony regarding the nature of the injuries and treatment he received on July 2, 1992. He contends he did not waive the physician-patient privilege against disclosure of these records. (See Ill. Rev. Stat. 1991, ch. 110, par. 8—802.) Besides failing to object at trial, or include this contention in his post-trial motion (*People v. Enoch* (1988), 122 Ill. 2d 176, 186, 522 N.E.2d 1124, 1130), defendant failed to cite in his brief any authority or argument to support his position. Defendant has therefore waived this issue. (134 Ill. 2d R. 341(e)(7).) Our review, therefore, is limited to a determination of whether the admission of this evidence was plain error.

The evidence presented here was neither closely balanced nor was any error so fundamental and of such magnitude that the accused was denied a fair trial. The testimony presented was that of the nurse who treated defendant for the cut on his left thumb. She saw him on July 2, 1992, at approximately 12:15 p.m. She testified the cut was fairly deep, approximately one inch long, although she could not tell if there had been much bleeding and she believed the cut had been present on his hand for some period of time. Defendant admitted he was cut on his left thumb by the knife the victim was yielding when they had the altercation in the apartment. The medical records of the hospital visit were not admitted into evidence. Thus, defendant suffered no prejudice by this testimony. There is no dispute that defendant in fact cut his hand, but only the circumstances of his receiving that cut were in question. The nurse's testimony did not impact on this issue. Thus, no plain error occurred.

■ For his fourth argument, defendant contends the trial court erred by denying his post-trial motion for a new trial based on newly

discovered evidence. The newly discovered evidence consisted of three witnesses who stated in their affidavits that the victim sustained injuries to his face by falling down the stairs outside his apartment due to his extreme intoxication several hours before defendant was in the victim's apartment. These witnesses also stated the victim invited defendant into the apartment to drink beer and defendant did not force his way into the apartment that evening.

Generally, newly discovered evidence requiring a new trial must be material and not merely cumulative, so conclusive if proved it would probably have changed the outcome and incapable of discovery prior to trial by exercise of due diligence. (*People v. Lawson* (1992), 232 Ill. App. 3d 284, 298, 596 N.E.2d 1235, 1245.) Close scrutiny is applied to motions for a new trial based on newly discovered evidence in order to prevent fraud which parties may be tempted to use as a last resort to avoid an adverse verdict. A trial court's ruling will not be disturbed absent a showing of manifest abuse of discretion. *People v. Washington* (1992), 230 Ill. App. 3d 1002, 1007, 596 N.E.2d 114, 118.

The trial court did not abuse its discretion by denying defendant's motion for a new trial. These statements by the witnesses were not newly discovered evidence and were cumulative of testimony given by Grayned and defendant, namely that the victim hurt himself by falling down the stairs outside his apartment and that the victim invited the defendant into the apartment to drink beer. This evidence only added to defendant's version of the events of the incident and the jury could still disregard defendant's contention and believe the State's witnesses. Thus, this "new evidence," discoverable before trial, was cumulative and not likely to change the outcome.

Defendant next alleges the trial court erred by allowing the State to introduce undisclosed evidence of prior convictions of Grayned and himself. As to Grayned, on cross-examination, he admitted to having two misdemeanor theft convictions and one felony theft conviction. Defendant, on direct examination, indicated he had previously been convicted of more than one felony. On cross-examination, he could not remember if he had two or three prior felony convictions.

Prior to closing arguments, the State indicated it had, as rebuttal evidence, five prior felony convictions of defendant. Defense counsel objected to admission of any more than two prior convictions because only two have been disclosed in discovery. The trial court admitted evidence of all five prior convictions for the limited purpose of impeachment. The trial court agreed with the State that defendant had "opened the door" on direct examination by bringing up his prior con-

victions. The court believed the State properly cross-examined defendant regarding the correct number of prior convictions, and thus all five prior convictions could be admitted for impeachment purposes.

This court has held that Supreme Court Rule 412(a)(vi) (134 Ill. 2d R. 412(a)(vi)) requires the State to furnish to a defendant in advance of trial any records of defendant's prior convictions which are in the State's possession. (*People v. Kunze* (1990), 193 Ill. App. 3d 708, 724, 550 N.E.2d 284, 295.) The State's failure to disclose constitutes error. *Kunze*, 193 Ill. App. 3d at 724, 550 N.E.2d at 295.

A reviewing court will not reverse a judgment of conviction merely because error has been committed, unless it is evident that real justice has been denied or that a finding of guilt may have resulted from such error. (*People v. Thomas* (1991), 220 Ill. App. 3d 110, 122, 580 N.E.2d 1353, 1362.) Defendant may not be heard to complain of error he invited. (*People v. Rodriguez* (1991), 227 Ill. App. 3d 397, 408, 592 N.E.2d 18, 26.) Where a defendant had already testified to four convictions, the disclosure of another conviction would not have the prejudicial effect which would exist if there were no earlier proof of other criminal conduct. *People v. Bey* (1969), 42 Ill. 2d 139, 147, 246 N.E.2d 287, 292; *People v. Smalley* (1973), 10 Ill. App. 3d 416, 426, 294 N.E.2d 305, 311.

We find no reversible error occurred. First, defendant opened the door to his possible impeachment by admitting on direct examination to more than one prior conviction. This opened the door for the State to cross-examine him as to the accurate number of his convictions. We do not condone the State's failure to disclose all of defendant's prior convictions which the State intended to use for impeachment purposes. However, under the facts of this case, no prejudice occurred by the jury being told defendant had five rather than three prior convictions.

■ Finally, defendant contends he was denied the effective assistance of counsel. He contends trial counsel erred by (1) allowing him to testify; (2) permitting the waiver of the physician-patient privilege; (3) failing to object to the disclosure of his criminal history, as well as that of his witness; and (4) failing to obtain the testimony of the additional witnesses.

Ordinarily, to prevail on a claim of ineffective assistance of counsel, a defendant must show that (1) counsel's representation fell below an objective standard of reasonableness and (2) counsel's substandard representation so prejudiced the defense as to deny the defendant a fair trial. (*People v. Horton* (1991), 143 Ill. 2d 11, 23, 570 N.E.2d 320, 325.) To show actual prejudice, defendant must establish that there is

a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome. (*Strickland v. Washington* (1984), 466 U.S. 668, 694, 80 L. Ed. 2d 674, 698, 104 S. Ct. 2052, 2068.) A reviewing court does not have to determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies. (*People v. McCarthy* (1991), 213 Ill. App. 3d 873, 886, 572 N.E.2d 1219, 1227.) Allegations arising from matters of judgment or trial strategy will not support a claim of ineffective assistance of counsel. *People v. Clark* (1991), 207 Ill. App. 3d 439, 450, 565 N.E.2d 1373, 1380.

As to defendant's contention that trial counsel was ineffective because it allowed defendant to testify, this was a matter of trial strategy to which defendant agreed and thus is no basis to substantiate defendant's contention. Moreover, as to the remaining allegations, defendant cannot show he was prejudiced by any of these alleged errors. First, as noted above, defendant was not prejudiced by the admission of the medical records or the testimony regarding his wound. Likewise, defendant was not prejudiced by failing to secure the testimony of the additional witnesses since their testimony was merely cumulative of his own as well as that of Grayned. Finally, as to defendant's contention that trial counsel was ineffective because of his failure to object to the disclosure of his past criminal history, defense counsel did object to the disclosure of any more than two prior convictions, although the trial court overruled the objection. Moreover, defendant suffered no prejudice by this disclosure since the jury already knew he had multiple prior convictions but was only made aware of the exact number of such convictions.

Accordingly, we reject all of defendant's contentions and affirm the judgment of the circuit court of Macon County.

Affirmed.

STEIGMANN, P.J., and KNECHT, J., concur.