THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v. TERRY L. WASSELL, Defendant-Appellee.

Fourth District   No. 4—99—0491

Opinion filed March 31, 2000.

COOK, P.J., dissenting.

James E. Ryan, Attorney General, of Chicago (Joel D. Bertocchi, Solicitor General, and William L. Browers and Alvin S. Ratana, Assistant Attorneys General, of counsel), for the People.

John B. Leonard, of Mt. Sterling, for appellee.

JUSTICE STEIGMANN delivered the opinion of the court:

In May 1998, the State charged defendant, Terry L. Wassell, with predatory criminal sexual assault of a child (720 ILCS 5/12—14.1 (West Supp. 1997)). In September 1998, the State filed a petition to proceed under the Sexually Dangerous Persons Act (Act) (725 ILCS 205/3 *et seq.* (West 1998)). In May 1999, the State filed notice of its intent to call four witnesses at trial who would testify that defendant sexually assaulted them on prior occasions, pursuant to section 115—7.3 of the Code of Criminal Procedure of 1963 (Code) (725 ILCS 5/115—7.3 (West Supp. 1997)). In June 1999, defendant filed a motion *in limine* seeking to prohibit that testimony and the trial court granted defendant's motion. The State brings this interlocutory appeal from that order (145 Ill. 2d R. 604(a)(1)). Because we lack jurisdiction to hear this appeal, we dismiss it.

## I. BACKGROUND

In May 1998, the State filed an indictment charging defendant

with predatory criminal sexual assault of a child. The indictment alleged that defendant committed an act of sexual penetration with his three-year-old granddaughter.

In September 1998, the State filed a petition to have defendant adjudicated a sexually dangerous person. In November 1998 and December 1998, the State filed amended petitions to proceed under the Act. In January, February, and March 1999, the trial court struck paragraphs of the State's second-amended petition and limited the testimony of several witnesses. The stricken testimony included allegations by J.R., L.M., M.B., and W.S. that defendant sexually assaulted them when they were minors. The court found that the allegations were uncharged, unreported, nonlitigated, and uncorroborated, and that the prejudicial effect of the proffered evidence outweighed its probative value.

In May 1999, the State filed a notice of intent to offer into evidence the statements of J.R., L.M., M.B., and W.S. at defendant's sexual assault trial. Pursuant to section 115—7.3 of the Code (725 ILCS 5/115—7.3 (West Supp. 1997)), the State expected the witnesses to testify that defendant had sexually assaulted them when they were minors. In June 1999, defendant filed an objection to the State's notice and a motion *in limine.* The motion *in limine* argued that the testimony of the four witnesses was not admissible as "other crimes" evidence and any probative value of the evidence was substantially outweighed by its prejudicial effect. The trial court granted defendant's motion *in limine,* finding that the four witnesses' testimony was not admissible under section 115—7.3 of the Code or "generally admissible."

On June 7, 1999, the State filed a certificate of impairment and a notice of appeal. The State alleged that the trial court's grant of defendant's motion *in limine* substantially impaired its ability to prosecute defendant for predatory criminal sexual assault of a child. That same day, the State filed an application for leave to appeal pursuant to Supreme Court Rule 308 (155 Ill. 2d R. 308) regarding its petition to proceed under the Act. In June 1999, this court denied the State's application. *People v. Wassell*, No. 4—99—0447 (June 24, 1999) (order denying appeal pursuant to Supreme Court Rule 308 (155 Ill. 2d R. 308)). The State now seeks to appeal from the trial court's *in limine* ruling.

## II. ANALYSIS

The State contends that we have jurisdiction pursuant to Supreme Court Rule 604(a)(1) (145 Ill. 2d R. 604(a)(1)). We disagree and conclude, pursuant to *People v. Drum*, 307 Ill. App. 3d 743, 718 N.E.2d

302 (1999), *appeal allowed*, 187 Ill. 2d 577 (2000), that this court lacks jurisdiction to hear this appeal.

■ In *Drum*, we held that Rule 604(a)(1) did not confer jurisdiction on this court to hear an interlocutory appeal when (1) the State files a motion *in limine* that seeks admission of evidence and (2) the trial court enters a discretionary ruling denying that motion. *Drum*, 307 Ill. App. 3d at 745, 718 N.E.2d at 304.

Our holding in *Drum* was based on the interplay of three factors. The first factor was the availability of review under Rule 604(a)(1). *Drum*, 307 Ill. App. 3d at 745, 718 N.E.2d at 304. Rule 604(a)(1) provides, in pertinent part, as follows: "In criminal cases the State may appeal only from an order or judgment the substantive effect of which results in *** suppressing evidence." 145 Ill. 2d R. 604(a)(1). The Supreme Court of Illinois has rejected a restricted reading of appellate jurisdiction through this rule. *People v. Young*, 82 Ill. 2d 234, 244-45, 412 N.E.2d 501, 506 (1980). Interpreting the supreme court's reasoning in *Young*, this court concluded that the supreme court did not intend to create unlimited appellate jurisdiction to hear the State's interlocutory appeals from discretionary rulings. Rather, a distinction exists between traditional discretionary rulings that relate to the evidentiary value of proffered evidence and suppression of evidence in the furtherance of some social policy. *Drum*, 307 Ill. App. 3d at 746, 718 N.E.2d at 305.

The second factor was the nature of motions *in limine*. *Drum*, 307 Ill. App. 3d at 745, 718 N.E.2d at 304. Motions *in limine* ask the trial court to make a ruling outside the normal trial context. *McMath v. Katholi*, 304 Ill. App. 3d 369, 376, 711 N.E.2d 1135, 1140 (1999), *rev'd on other grounds*, 191 Ill. 2d 257 (2000). A trial court has the discretion not to address a motion *in limine* until the evidentiary issue arises in the normal course of the trial, and any ruling that the trial court makes is subject to reconsideration during the trial. *Drum*, 307 Ill. App. 3d at 747, 718 N.E.2d at 306. In either case, the trial court's final ruling takes place at trial, not before.

In addition, a review of *in limine* rulings in an interlocutory setting delays a trial on the merits, consumes judicial resources, and requires the reviewing court to make a ruling based upon the same underdeveloped record and limited information that was before the trial court when it made its preliminary ruling. Therefore, declining to review a trial court's discretionary pretrial ruling on a motion *in limine* prevents harming the flexibility of the motion *in limine* procedure and the fairness of trial. *Drum*, 307 Ill. App. 3d at 748, 718 N.E.2d at 306.

The third factor this court considered was the nature and scope of

deferential review. *Drum*, 307 Ill. App. 3d at 748, 718 N.E.2d at 306. Generally, evidentiary motions, such as motions *in limine*, are directed to the trial court's discretion, and reviewing courts will not disturb a trial court's evidentiary ruling unless an abuse of discretion occurred. *People v. Jackson*, 182 Ill. 2d 30, 78-79, 695 N.E.2d 391, 415 (1998). Absent an abuse of the trial court's discretion, a reviewing court may not change the result of the trial even if it would have viewed the matter differently. *People v. Coleman*, 183 Ill. 2d 366, 388, 701 N.E.2d 1063, 1075 (1998). Therefore, no compelling reason exists for a reviewing court to assume jurisdiction over a case still pending when the question on review is whether the trial court abused its discretion. *Drum*, 307 Ill. App. 3d at 749, 718 N.E.2d at 307.

In *Drum*, we found that the interplay between these three factors compelled the conclusion that we did not have jurisdiction to hear the appeal. *Drum*, 307 Ill. App. 3d at 745, 718 N.E.2d at 304. We reach the same conclusion in this case because that same interplay exists regardless of the party filing the motion *in limine*.

In the present case, the State filed a notice of intent to offer into evidence testimony of four witnesses. The witnesses were expected to testify, pursuant to section 115—7.3 of the Code, that defendant previously sexually assaulted them. Defendant filed a motion *in limine*, seeking to bar the witnesses' testimony, arguing that the testimony was not "otherwise admissible" and its prejudicial effect outweighed any probative value.

Section 115—7.3 of the Code provides that if a defendant is accused of predatory criminal sexual assault of a child, evidence that the defendant committed predatory criminal sexual assault of a child, aggravated criminal sexual assault, criminal sexual assault, aggravated criminal sexual abuse, or criminal sexual abuse on other occasions may be admissible if that evidence is otherwise admissible under the rules of evidence. 725 ILCS 5/115—7.3(b) (West Supp. 1997). When weighing the probative value of the evidence against the undue prejudice to the defendant, the court may consider (1) the proximity in time to the charged or predicate offense, (2) factual similarity to the charged or predicate offense, and (3) other relevant facts and circumstances. 725 ILCS 5/115—7.3(c)(1) through (c)(3) (West Supp. 1997). Such determinations of evidentiary value are routinely addressed in the exercise of the court's discretion. See *People v. Buss*, 187 Ill. 2d 144, 219, 718 N.E.2d 1, 42 (1999) (trial court did not abuse its discretion in finding that the probative value of the testimony outweighed its prejudicial effect). In this case, the trial court's ruling on defendant's motion *in limine* was based on the court's determination that the prejudicial effect of the testimony outweighed its probative value, an exercise of discretion subject to deferential review.

The procedural posture of this case is essentially the same as one that frequently arises in criminal cases—namely, where the State seeks to impeach a testifying defendant by introducing evidence of his prior convictions. In such a criminal case, the State must inform the defendant of his prior convictions, suggesting thereby that the State intends to use them to impeach him if he chooses to testify. See *People v. Brooks*, 251 Ill. App. 3d 927, 933, 623 N.E.2d 1380, 1385 (1993); *People v. Kunze*, 193 Ill. App. 3d 708, 724, 550 N.E.2d 284, 295 (1990) (Supreme Court Rule 412(a)(vi) (134 Ill. 2d R. 412(a)(vi)) requires the State to provide a defendant in advance of trial any records of defendant's prior convictions which are in the State's possession). The defendant in such a case may file a motion *in limine* to bar the State from impeaching him with his prior convictions, and the trial court may grant the motion, concluding under *People v. Montgomery*, 47 Ill. 2d 510, 517-18, 268 N.E.2d 695, 699 (1971), that the prejudice that would result from admitting them substantially outweighs their probative value. (Note that this determination lies within the discretion of the trial court. *People v. Atkinson*, 186 Ill. 2d 450, 456, 713 N.E.2d 532, 535 (1999).) Under these circumstances, surely any attempt by the State to appeal the trial court's interlocutory ruling granting the defendant's motion *in limine* would be dismissed no matter how earnestly the State asserted under Supreme Court Rule 604(a)(1) (145 Ill. 2d R. 604(a)(1)) that the court's ruling "substantially impairs the State's ability to prosecute the case." *Young*, 82 Ill. 2d at 247, 412 N.E.2d at 507.

Since this court's decision in *Drum*, the supreme court in *People v. Williams*, 188 Ill. 2d 365, 367, 721 N.E.2d 539, 541-42 (1999), has reviewed a State appeal from a trial court's granting of a defendant's motion *in limine*. In *Williams*, the defendant had pleaded guilty to the attempted murder of a person who died nearly five years later. The State then charged the defendant with murder, and at his preliminary hearing on that charge, the trial court granted his motion *in limine* to bar the State from using his prior guilty plea as evidence at his murder trial. *Williams*, 188 Ill. 2d at 367, 721 N.E.2d at 541-42.

The State appealed (145 Ill. 2d R. 604(a)(1)), and the appellate court upheld the *in limine* order in an unpublished decision. The supreme court granted the State's petition for leave to appeal and reversed the appellate and trial courts.

■ Before reaching the merits, however, the supreme court discussed the applicable standard of review. The State argued that the supreme court's review should be *de novo* because the *in limine* order centered on an issue of law. The defendant countered that review should be deferential because the order was within the trial court's

discretion. The supreme court agreed with the State and explained as follows:

> "A motion *in limine* is addressed to the trial court's inherent power to admit or exclude evidence. A court of review will not reverse a trial court's grant or denial of a motion *in limine* absent a clear abuse of discretion. [Citations.]
>
> However, a trial court must exercise its discretion within the bounds of the law. Where a trial court's exercise of discretion has been frustrated by an erroneous rule of law, appellate review is required to permit the exercise of discretion consistent with the law. [Citation.]
>
> In this case, whether the use of a defendant's prior guilty plea to attempted murder as evidence at the defendant's murder trial was a 'direct' consequence of the guilty plea is a question of law. '[W]here the question presented is one of law, a reviewing court determines it independently of the trial court's judgment.' [Citation.]" *Williams*, 188 Ill. 2d at 369, 721 N.E.2d at 542.

In our judgment, the supreme court's decision in *Williams* supports our analysis in *Drum* and the conclusion we reached in that case and the present one—namely, to dismiss the State's appeal. In *Williams*, the supreme court drew the same distinction that we did in *Drum* between (1) orders granting motions *in limine* that present on appeal a question of law (as was the case in *Williams*) and (2) orders granting motions *in limine* that present on appeal a question involving the exercise of the trial court's discretion (as in the case here and in *Drum*).

### III. CONCLUSION

For the reasons stated, we dismiss the State's appeal.

Dismissed.

KNECHT, J., concurs.

PRESIDING JUSTICE COOK, dissenting:

I respectfully dissent and would address the State's appeal on its merits.

Supreme Court Rule 604(a)(1) allows the State to appeal from a pretrial order suppressing evidence. 145 Ill. 2d R. 604(a)(1). The State is not allowed to appeal every such order, only those where the prosecutor can certify to the trial court that the suppression substantially impairs his ability to prosecute the case. *People v. Truitt*, 175 Ill. 2d 148, 151-52, 676 N.E.2d 665, 667 (1997). The courts will not second-guess a prosecutor's good-faith evaluation of the effect of a suppres-

sion order on his case, but the courts will make their own decision whether the order is one that has the effect of suppressing evidence. *Truitt*, 175 Ill. 2d at 152, 676 N.E.2d at 667 (order barring admission of written laboratory report, and requiring testimony of person who actually performed the analysis, did not suppress evidence).

This court has amended Rule 604(a)(1) to say that a reviewing court does not have jurisdiction to hear a Rule 604(a)(1) appeal where the State files a motion *in limine* that seeks the admission of evidence and the trial court enters a ruling not reviewable as a matter of law. *Drum*, 307 Ill. App. 3d at 745, 718 N.E.2d at 304. "Interlocutory review delays a trial on the merits and consumes judicial resources." *Drum*, 307 Ill. App. 3d at 748, 718 N.E.2d at 306. Today we further amend the rule to say there is no jurisdiction even where it is the defendant who files the motion *in limine*, and that motion is granted, barring the testimony of four witnesses.

It is true that a trial court that grants or denies a motion *in limine* in advance of trial may change its ruling as it learns more about the case at trial. I do not understand why that should prevent a prosecutor from appealing a pretrial interlocutory ruling suppressing evidence. Every interlocutory ruling, even a ruling excluding evidence because of an illegal search and seizure, is subject to change at trial. Should a prosecutor who has received an adverse ruling on a motion *in limine* proceed with trial, try again to get the evidence admitted, and then attempt a midtrial appeal when it is not? Generally, the State's right to appeal from suppression orders during trial is limited to orders entered pursuant to section 114—12(c) of the Code (725 ILCS 5/114—12(c) (West 1998)) in cases where defendant is excused from filing the motion before trial. *People v. Flatt*, 82 Ill. 2d 250, 264, 412 N.E.2d 509, 516 (1980). Even if such a midtrial appeal were possible, requiring the trial to begin before the appeal can be taken entails a tremendous waste of resources. "[T]he defendant's interests are not affected to the same extent by the appeal of a pretrial order as they are by an appeal which interrupts an ongoing trial." *Young*, 82 Ill. 2d at 244, 412 N.E.2d at 506.

Nor do I understand why we limit State appeals of pretrial orders suppressing evidence to cases that we would review *de novo*. It *is* possible for a reviewing court to reverse a trial court's determination if that determination is contrary to the manifest weight of the evidence or constitutes an abuse of discretion. In cases where the suppression of the evidence substantially impairs the prosecutor's case, why should the prosecutor be deprived of his one opportunity to question the trial court's ruling?

The majority tells us that the determination of whether hearsay is

admitted under the residual hearsay exception (725 ILCS 5/115—7.3 (West Supp. 1997)) lies in the discretion of the trial court. *Cf.* 2 J. Strong, McCormick on Evidence § 327, at 363 (5th ed. 1999) (where new statutes present confrontation clause questions, a greater control by appellate courts over trial courts has been suggested as a procedural safeguard). "[W]ithout the guidance and uniformity imposed by reviewing courts, erroneous interpretations and rulings may proliferate at the trial court level." *Young*, 82 Ill. 2d at 246, 412 N.E.2d at 507. "The difficulties posed by allowing such appeals, we believe, are outweighed by the need to ensure the accurate interpretation of constitutional and statutory provisions ***." *Young*, 82 Ill. 2d at 247, 412 N.E.2d at 507. The majority's approach will result in the only section 115—7.3 and section 115—10.2 (725 ILCS 5/115—10.2 (West 1998)) cases reaching the appellate court being those where defendant has been convicted and the trial court has exercised its discretion in favor of admitting the evidence. As in *Young*, the development of the law will thereby be distorted. Allowing interlocutory appeals in cases like the present one may actually enhance the functioning of the judicial system. *Young*, 82 Ill. 2d at 244, 412 N.E.2d at 506.

The majority argues that in certain cases we should second-guess the State's decision to appeal a pretrial suppression order. "[S]urely any attempt by the State" to appeal an order barring impeachment by prior conviction "would be dismissed no matter how earnestly the State" asserts that its ability to prosecute is impaired. 312 Ill. App. 3d at 511. The majority analogizes the order in the present case to such an order. The supreme court, however, has refused to formulate a standard by which courts may determine the appealability of a particular order. *Young*, 82 Ill. 2d at 247, 412 N.E.2d at 507. "Instead we rely solely upon the good-faith evaluation by the prosecutor of the impact of the suppression order on his case." *Young*, 82 Ill. 2d at 247, 412 N.E.2d at 507. The burdens of applying such a standard are not justified by the marginal reduction in appeals such a procedure would produce. The State's need to allocate its resources is a sufficient limitation on such appeals. *Young*, 82 Ill. 2d at 247-48, 412 N.E.2d at 507. We should follow *Young*.

An important prosecution interest is at stake here. If the prosecution is not allowed an immediate appeal from an adverse interlocutory ruling, the State will have no opportunity for later appellate review. 5 W. LaFave, J. Israel, & N. King, Criminal Procedure § 27.3(c), at 890 (2d ed. 1999). Abandoning our jurisdiction in these cases is a major step, one that should be taken by the supreme court if it is taken at all.