THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v. TERRY L. WASSELL, Defendant-Appellee.

Fourth District   No. 4—99—0491

Opinion filed May 17, 2001.

James E. Ryan, Attorney General, of Chicago (Joel D. Bertocchi, Solicitor General, and William L. Browers and Alvin S. Ratana, Assistant Attorneys General, of counsel), for the People.

John B. Leonard, of Mt. Sterling, for appellee.

PRESIDING JUSTICE STEIGMANN delivered the opinion of the court:

In May 1998, the State charged defendant, Terry L. Wassell, with predatory criminal sexual assault of a child (720 ILCS 5/12—14.1(a)(1) (West Supp. 1997)). In September 1998, the State filed a petition to proceed under the Sexually Dangerous Persons Act (Act) (725 ILCS 205/0.01 through 12 (West 1998)). In May 1999, the State filed notice of its intent to call four witnesses at trial who would testify that defendant sexually assaulted them on prior occasions, pursuant to section 115—7.3 of the Code of Criminal Procedure of 1963 (Code) (725 ILCS 5/115—7.3 (West 1998)). In June 1999, defendant filed a motion *in limine* seeking to prohibit that testimony, which the trial court granted. The State filed an interlocutory appeal from that order, and this court later dismissed the appeal for lack of jurisdiction (*People v. Wassell*, 312 Ill. App. 3d 506, 509, 512, 727 N.E.2d 413, 415, 417 (2000), *vacated*, 193 Ill. 2d 598, 741 N.E.2d 988 (2001)).

In February 2000, the Supreme Court of Illinois entered a supervisory order vacating this court's judgment and reinstating the State's appeal for reconsideration in light of its decision in *People v. Drum*, 194 Ill. 2d 485, 743 N.E.2d 44 (2000). We affirm.

## I. BACKGROUND

Pursuant to the May 1998 indictment, the State charged defendant with predatory criminal sexual assault of a child, in that on or about September 27, 1997, he committed an act of sexual penetration with P.S.W. (his three-year-old granddaughter) by placing his finger in her vagina.

In September 1998, the State filed a petition to have defendant adjudicated a sexually dangerous person under the Act (725 ILCS 205/3 (West 1998)). In November and December 1998, the State filed amended petitions to proceed under the Act, and in May 1999, the State filed a notice of intent to offer into evidence at defendant's trial the testimony of four witnesses, including L.M. and J.R. The State expected the four witnesses to testify that defendant had sexually assaulted them when they were minors. (The State appeals only the trial court's ruling to bar the testimony of L.M. and J.R.)

Pursuant to the State's second-amended petition to proceed under the Act, L.M. and J.R. would testify as follows. L.M. would testify that she is defendant's niece and defendant sexually assaulted her on numerous occasions between the years 1972 and 1981, when she was between the ages of 4 and 15. The alleged assaults occurred when she was a visitor in defendant's home. Defendant would enter the room where L.M. slept, lift her nightgown, and fondle her breasts and

vagina. On five occasions, defendant inserted his finger in her vagina. When L.M. was 11 years old, defendant inserted his penis into her mouth. The incidents ceased between 1981 and 1983, but, in 1984, L.M. awoke to find defendant sitting on the edge of her bed, masturbating.

J.R. would testify that between 1972 and 1976, when she was between the ages of 13 and 17, she frequently baby-sat at defendant's home. While driving her home, defendant would make sexually suggestive comments. On one occasion, defendant pulled off the road and forced J.R. to masturbate him. One night when she was sleeping at defendant's home, she awoke to find defendant kissing her, fondling her breasts, and rubbing his penis against her vaginal area.

In June 1999, defendant filed a motion *in limine*, seeking to bar L.M.'s and J.R.'s testimony, arguing that (1) the testimony was not "otherwise admissible," as is required by section 115—7.3 of the Code (725 ILCS 5/115—7.3 (West 1998)); and (2) its prejudicial effect outweighed its probative value. Defendant further asserted that the likely prejudicial effect was particularly aggravated by the following facts: (1) the incidents involving L.M. purportedly occurred over 15 years earlier, and the incidents involving J.R. purportedly occurred over 23 years earlier; and (2) none of the incidents were reported, charged, or otherwise corroborated prior to this case.

The trial court later granted defendant's motion *in limine*, finding that L.M.'s and J.R.'s testimony was not admissible under section 115—7.3 of the Code nor "generally admissible." On June 7, 1999, the State filed a certificate of impairment and a notice of appeal.

## II. ANALYSIS

The State argues that the trial court erred by barring L.M.'s and J.R.'s testimony because that evidence was admissible to establish defendant's *modus operandi*. We disagree.

■ Section 115—7.3 of the Code provides that if a defendant is accused of predatory criminal sexual assault of a child, evidence that the defendant committed predatory criminal sexual assault of a child, aggravated criminal sexual assault, criminal sexual assault, aggravated criminal sexual abuse, or criminal sexual abuse on other occasions may be admissible if that evidence is otherwise admissible under the rules of evidence. 725 ILCS 5/115—7.3(b) (West 1998). When weighing the probative value of the evidence against the undue prejudice to the defendant, the trial court may consider the following factors: (1) the proximity in time to the charged or predicate offense, (2) the factual similarity to the charged or predicate offense, and (3) other relevant facts and circumstances. 725 ILCS 5/115—7.3(c)(1) through (c)(3)

(West 1998). Determinations of evidentiary value lie within the trial court's sound discretion. See *People v. Buss*, 187 Ill. 2d 144, 219, 718 N.E.2d 1, 42 (1999) (trial court did not abuse its discretion in finding that the probative value of the testimony outweighed its prejudicial effect).

■ Evidence of a defendant's commission of other crimes is generally admissible when it is relevant to prove a material question other than the defendant's propensity to commit the crime charged, such as *modus operandi*, intent, identity, motive, or absence of mistake. *People v. Kliner*, 185 Ill. 2d 81, 146, 705 N.E.2d 850, 883 (1998). A trial court's ruling on the admissibility of other-crimes evidence will not be reversed absent a clear abuse of discretion. *Kliner*, 185 Ill. 2d at 146, 705 N.E.2d at 883.

■ In *People v. Denny*, 241 Ill. App. 3d 345, 608 N.E.2d 1313 (1993), this court discussed *modus operandi* evidence as follows:

" '*Modus operandi* refers to a pattern of criminal behavior so distinct that separate crimes are recognized as the work of the same person. If evidence of other crimes is offered to prove *modus operandi*, there must be some clear connection between the other crime and the crime charged which creates a logical inference that if the defendant committed those acts, he may have committed the act at issue. The inference is created when both crimes share peculiar and distinctive common features so as to earmark both crimes as the handiwork of the defendant.' " *Denny*, 241 Ill. App. 3d at 358, 608 N.E.2d at 1322, quoting *People v. Rose*, 198 Ill. App. 3d 1, 6, 555 N.E.2d 414, 417-18 (1990).

The State contends that sufficient similarity exists between L.M.'s and J.R.'s testimony and the alleged sexual assault of P.S.W. to establish defendant's *modus operandi*. Specifically, the State cites the following: (1) L.M. and J.R. were significantly younger than defendant when the assaults occurred; (2) defendant had close relationships with both L.M. (his niece) and J.R. (his children's baby-sitter for four years), just as he did with P.S.W. (his granddaughter); and (3) all of the assaults involved vaginal contact and penetration.

■ We agree with defendant that these similarities are not the type of distinct similarities that establish *modus operandi*. Rather, they are the type of similarities that are common to most, if not all, charges of predatory criminal sexual assault. In fact, two of the similarities that the State argues establish *modus operandi* are actual elements of the offense—namely, (1) the age difference between the alleged victims and defendant and (2) vaginal penetration. 720 ILCS 5/12—14.1 (West Supp. 1997). Finally, the fact that the alleged victims had "close relationships" with defendant supports the inference that

defendant chose victims to which he had access. To establish *modus operandi*, the incidents must share some distinctive features that are not common to most offenses of the type charged. Here, the State's asserted similarities do not establish that the three crimes were so nearly identical in method as to earmark them as the handiwork of defendant. See *Denny*, 241 Ill. App. 3d at 358, 608 N.E.2d at 1322. Given (1) the general nature of the similarities between the alleged assaults and (2) the number of years that had passed between the alleged assaults, we hold that the trial court did not abuse its discretion by barring L.M.'s and J.R.'s testimony.

## III. CONCLUSION

For the reasons stated, we affirm the trial court's judgment.

Affirmed.

KNECHT and COOK, JJ., concur.