THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. SHANNON DONOHO, Defendant-Appellant.

Third District   No. 3—00—0506

Opinion filed November 27, 2001.

404

Kerry J. Sluis (argued), of State Appellate Defender's Office, of Ottawa, for appellant.

Jeff Tomczak, State's Attorney, of Joliet (John X. Breslin and John Wood (argued), both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE McDADE delivered the opinion of the court:

The defendant, Shannon Donoho, was convicted of one count of criminal sexual assault and four counts of aggravated criminal sexual abuse following a jury trial. At the sentencing hearing, defendant was sentenced to a 14-year term of imprisonment for the criminal sexual assault and concurrent terms of 7 years of imprisonment for each of the aggravated criminal sexual abuse convictions. Defendant appeals from his convictions and sentences. We reverse and remand.

FACTS

Defendant was tried under a five-count indictment. The first count

charged criminal sexual assault, alleging that the defendant, the stepfather of K.B., knowingly committed an act of sexual penetration with K.B., who was under 18 years of age at the time, in that he placed his mouth upon her vagina. He was also charged with and tried for four counts of criminal sexual abuse. The first two counts of criminal sexual abuse alleged that the defendant committed acts of sexual conduct with K.B., who was under the age of 18 years of age at the time, in that he knowingly touched her vaginal area and knowingly made her place her hand on his penis for the purpose of his sexual arousal. The last two counts of criminal sexual abuse alleged that the defendant committed acts of sexual conduct with his stepson, D.B., who was under 18 years of age at the time, in that he knowingly touched D.B.'s penis and he knowingly placed D.B.'s hand on his penis for the purpose of his sexual arousal.

Prior to the trial the State filed a motion seeking to admit evidence of prior sexual offenses pursuant to section 115—7.3 of the Code of Criminal Procedure of 1963 (725 ILCS 5/115—7.3 (West 2000)). Specifically, the State sought to admit evidence that in 1983 the defendant pled guilty to indecent liberties with a child. In his signed confession from the 1983 incident, the defendant admitted to inappropriate sexual contact with a 7-year-old girl and an 11-year-old boy. After a hearing on the State's motion, the court ruled that the evidence regarding the 1983 plea of guilty would be admitted.

At the trial, both K.B. and D.B. testified regarding the allegations against the defendant. Specifically, K.B. testified that beginning around Christmas in 1995, and continuing until November of 1998, the defendant had committed several acts of sexual misconduct against her. She stated that he had, on several occasions, asked her to pull down her pants and had touched her vaginal area. In addition, on one occasion he had kissed her vaginal area. Finally, the defendant, on several occasions, had asked her to touch or rub his penis. On one such occasion, "yellowish white stuff" came out of his penis.

D.B. testified that the defendant also committed acts of sexual misconduct against him. Specifically, D.B. testified that on one occasion the defendant touched his "pee pee" behind a tree near the house. D.B. also testified that on one occasion while he was riding with the defendant in the car, the defendant touched his "pee pee" and made D.B. touch the defendant's "pee pee." Finally, D.B. testified that on one occasion when he was showering with the defendant at the latter's mother's house, the defendant made him touch the defendant's "pee pee."

K.B. testified that she did not tell her mother about these incidents until April of 1999. She had spoken with a girl at school, who had told

her about her sister who had been molested. After hearing about her friend's sister, K.B. told her friend what had happened to her. Her friend encouraged her to tell her mother. That day, K.B. went home and talked to her brother. They then told their mother about the defendant together.

Lori Donoho, K.B. and D.B.'s mother, testified at trial that she did not have any indication that the defendant was sexually abusing or assaulting the children prior to April of 1999. By that time, the defendant had moved out of the house and had filed for divorce. After the children told her about the incidents, she contacted the police and the children gave a statement. She testified that, in retrospect, she should have noticed that the children, over time, developed an aversion to being alone with the defendant.

Terry Marchetti testified that he was involved in the investigation of the 1983 incident. In their original discussion, the defendant had only admitted to touching the young girl. However, after being told by the investigators that his statement was not consistent with that of the children, he did admit to both touching the girl and having the boy touch him.

Officer Michael Imhof and the Department of Children and Family Services investigator, Dave Albert, testified that they investigated the allegations in this case. They spoke with the defendant after learning of the children's claims and informed him that there were serious allegations of sexual abuse against him. They specifically stated that they did not tell the defendant who had made the allegations.

They testified that at first the defendant was very angry about the allegations. After some periods of silence, he admitted that he had fondled K.B. while giving her a bath. After another period of silence, they told the defendant that that was not the only allegation of sexual abuse against him. The defendant then admitted that D.B. once grabbed his penis when they took a shower together.

After a few more moments of silence, the defendant, according to Imhof and Albert's testimony, broke down and indicated that his life was "f---ed up" and that he had been "haunted" for the past 27 years. The defendant told them about the prior incident, falsely indicating that it had been a misunderstanding involving a girl almost 13 years old. He never told them that the earlier incident actually involved a 7-year-old girl and an 11-year-old boy. The defendant also told Imhof and Albert that he had been molested as a child.

Following the presentation of the State's case the defendant moved for a directed verdict. That motion was denied, and the defendant testified on his own behalf. He stated that he filed for divorce from Lori Donoho on November 30, 1998. At the time of the trial, the

divorce was still pending and they had a custody issue over their minor daughter. The defendant denied the allegations by the stepchildren, saying that they were "all lies." The defendant also denied telling Imhof and Albert that he had touched the children or that the children had touched him. He did, however, admit to telling them that his life was "f---ed up."

The defendant presented no other evidence relating to the factual allegations at issue in the case. He did have his pastor testify regarding his reputation for morality and chastity in the church community. The defendant's mother also testified that the defendant got along well with K.B. and D.B.

The jury found the defendant guilty of all five charges. Defendant filed a motion for a new trial claiming error in the admission of evidence of the 1983 incident. The court denied the motion, and a sentencing hearing was set.

At the sentencing hearing, the State presented a certified copy of the defendant's prior conviction for indecent liberties with a child. The State argued that the prior plea of guilty enhanced the offense for aggravated criminal sexual assault from a Class 1 to a Class X felony. Defense counsel agreed that the enhancement was applicable. As a Class 1 felony, aggravated sexual assault carried a penalty range of 4 to 15 years. However, as a Class X felony, the penalty range would increase to 6 to 30 years.

The court sentenced the defendant to 14 years on the aggravated criminal sexual assault. The court then sentenced the defendant to concurrent terms of seven years for each of the four convictions for criminal sexual abuse. Following the sentencing, the defendant filed a motion to reconsider the sentence; however, it did not contain any argument that the enhancement was inappropriate. Rather, the defendant simply argued for a lesser sentence. That motion was denied, and defendant appeals his sentences and convictions.

## ISSUES

Defendant raises two issues on appeal: (1) whether he was denied a right to a fair trial before the jury where the trial court admitted evidence of his 1983 conviction for indecent liberties with a child; and (2) whether his conviction for sexual assault was appropriately enhanced to a Class X felony on the ground that he had previously pled guilty to taking indecent liberties with a child.

## ANALYSIS

### Admission of Prior Conviction

Defendant argues that he was denied his right to a fair trial

because the trial court erroneously admitted evidence of his 1983 conviction for indecent liberties with a child. Basically, he argues that the 1983 conviction was more than 15 years old, was not factually similar to the instant offenses, and served only to show criminal propensity and thereby bolster the credibility of the complainants. He emphasizes that the prejudicial effect of the 1983 conviction overwhelmingly outweighed any probative value that the 12- to 15-year-old conviction had with regard to the current allegations made against him.

■ This first issue relates to the admission of evidence before the jury. It is well settled that is it within the sound discretion of the trial judge to determine whether evidence of other crimes is relevant to a material issue and whether the probative value of such evidence outweighs its prejudicial impact. A determination with regard to the admission of other crimes evidence will not be overturned absent a clear abuse of discretion. *People v. Heard*, 187 Ill. 2d 36, 718 N.E.2d 58 (1999). Such an abuse will be found by our court only when the trial judge's decision is adjudicated to have been "arbitrary, fanciful, or unreasonable, or where no reasonable man would take the view adopted by the trial court." *People v. Illgen*, 145 Ill. 2d 353, 583 N.E.2d 515 (1991).

■ The State sought to admit the evidence of the 1983 conviction under section 115—7.3 of the Code of Criminal Procedure of 1963 (725 ILCS 5/115—7.3 (West 2000)) (the Code), which provides as follows:

"§ 115—7.3 Evidence in certain cases.
(a) This Section applies to criminal cases in which:
(1) the defendant is accused of predatory criminal sexual assault of a child, aggravated criminal sexual assault, criminal sexual assault, aggravated criminal sexual abuse, criminal sexual abuse, or criminal transmission of HIV;
\*\*\*
(3) the defendant is tried or retried for any of the offenses formerly known as rape, deviate sexual assault, indecent liberties with a child, or aggravated indecent liberties with a child.
(b) If the defendant is accused of an offense set forth in paragraph (1) or (2) of subsection (a) or the defendant is tried or retried for any of the offenses set forth in paragraph (3) of subsection (a), evidence of the defendant's commission of another offense or offenses set forth in paragraph (1), (2), or (3) of subsection (a), or evidence to rebut that proof or an inference from that proof, may be admissible (if that evidence is otherwise admissible under the rules of evidence) and may be considered for its bearing on any matter to which it is relevant.

(c) In weighing the probative value of the evidence against undue prejudice to the defendant, the court may consider:

    (1) the proximity in time to the charged or predicate offense;

    (2) the degree of factual similarity to the charged or predicate offense; or

    (3) other relevant facts and circumstances.

(d) In a criminal case in which the prosecution intends to offer evidence under this Section, it must disclose the evidence, including statements of witnesses or a summary of the substance of any testimony, at a reasonable time in advance of trial, or during trial if the court excuses pretrial notice on good cause shown."

The defendant admits that the statute applies because he was currently charged with aggravated criminal sexual assault and criminal sexual abuse, and he had previously pled guilty to indecent liberties with a child. Therefore, there is no dispute that the charges in this case did trigger the statute.

However, the defendant argues that the evidence of the 1983 conviction could only be used if it was otherwise admissible under the rules of evidence. The defendant argues that the 1983 conviction would not be admissible merely to show his propensity to commit a crime. Rather, the evidence could only be admitted if relevant for a material purpose other than to show propensity, such as *modus operandi*, intent, identity, motive or absence of mistake. *People v. Wassel*, 321 Ill. App. 3d 1013 (2001). The defendant argues that none of those purposes was present in this case.

The defendant also argues that the statute requires a weighing of the probative value of the evidence against undue prejudice to the defendant. In that analysis, according to the Code, the court must consider (1) the proximity in time to the charged or predicate offense, (2) the degree of factual similarity to the charged or predicate offense, or (3) other relevant facts and circumstances. The defendant states, and the record reflects, that the court did not find a reasonable proximity in time between the 1983 conviction and the charges currently pending. The defendant argues that the previous event was also not factually similar to the current charges and that there were no other relevant facts or circumstances to be considered.

In response, the State argues that the fact that there was a 12- to 15-year gap between the 1983 conviction and the actions which were the basis for the current charges, which allegedly occurred between 1995 and 1998, does not automatically preclude the admission of the 1983 conviction. The State argues that there is a great degree of factual similarity to the charged or predicate offense in that the prior incident involved a young girl and a young boy. In addition, both

incidents involve the defendant both touching the children and the defendant making the children touch him.

Finally, the State argues that there are other relevant facts and circumstances in that the defendant, in the 1983 incident, lied about there being a small boy involved when originally questioned by the officers. In this case, the defendant told the investigating officers that there had been a prior conviction in 1983, but again had lied about the facts surrounding that incident. According to the officer, the defendant had told them that the prior incident only involved a 13-year-old girl and a misunderstanding. In fact, the prior incident involved a 7-year-old girl and an 11-year-old boy.

Defendant disputes the State's argument by claiming that there were many differences between the 1983 incident and the incident currently charged. Specifically, in 1983 he did not have any specific relationship with the children, and in the instant case he was their stepfather. In addition, the 1983 incident only happened one time, where under the current charges the defendant allegedly committed the acts on several occasions over a period of three years. The defendant also points out that the prior incident involved the boy and the girl at the same time, where he told them that he was playing a game. In the current case, the defendant never allegedly abused or assaulted the children together, and he never told them he was playing a game. In fact, he allegedly told them that if they told anyone, they would be grounded.

In reviewing the record from the hearing, it is clear that the trial judge did carefully consider the evidence presented by both sides. In addition, the judge had carefully studied the statute. Since there was no case law actually interpreting the statute at the time he made his decision, the judge indicated that he felt that the statute was indicating that the legislature's intent was to have evidence such as that from the 1983 conviction admitted in cases like this. The judge felt that there was degree of factual similarity to the charged or predicate offense and found that it was significant that the defendant had misrepresented the facts of the prior events to the officers. On that basis, the judge agreed to admit the evidence of the prior conviction in 1983.

■ Certainly, evidence of other crimes is not improper if it is introduced for some legitimate purpose. Evidence of other crimes is discretionary to prove legitimate facets of the crime charged. *People v. Williams*, 260 Ill. App. 3d 432, 636 N.E.2d 761 (1994). As previously indicated, it is within the sound discretion of the trial judge to determine whether evidence of other crimes is relevant. *People v. Heard*, 187 Ill. 2d 36, 718 N.E.2d 58 (1999). In addition, an abuse of

discretion will not be found unless the trial judge's decision is determined to have been arbitrary, fanciful, or unreasonable or where no reasonable man would take the view adopted by the trial court. *People v. Illgen*, 145 Ill. 2d 353, 583 N.E.2d 515 (1991).

■ Based on the evidence in this case, we find that the trial judge abused his discretion in admitting the evidence. There was a significant time lapse between the current charges and the 1983 conviction. In fact, even the trial judge found that there was no reasonable proximity in time. In addition, as argued by the defendant, there were significant differences between the current charges and the prior conviction. Finally, we do not find the fact that the defendant misrepresented the facts surrounding the prior incident to be significant enough to warrant admission in the current trial. This is especially true given the obvious prejudicial effect of the prior testimony, which is not outweighed by the discernible probative value. Based on our interpretation of the statute, the legislature was only intending evidence of prior convictions to come in if the probative value outweighed the prejudicial effect.

The State argues that even if the judge abused his discretion in admitting the evidence, the admission was harmless error. Basically, the State argues that it did not deprive the defendant of substantial justice or influence the determination of his guilt because there is ample evidence that the defendant committed the offenses.

It is always difficult to say that introduction of evidence as prejudicial as the 1983 conviction in this case is harmless error. Specifically, it is difficult to say because there is no way to determine the basis for the jury's decision. Clearly, in this case, the judge did find that the children had testified credibly. This is clear from his statements made during the sentencing phase. In addition, in reading the transcript of the trial, it is clear that there were no inconsistencies in the children's stories. In addition, both officers testified consistently with regard to the reaction of the defendant when first presented with the allegations. However, despite this evidence, there is no way we can say that the 1983 conviction did not have dispositive impact. Therefore, we cannot say that the admission of the evidence was harmless error—certainly, the State believed it was essential to its case.

Based on the foregoing, the conviction of the defendant by the jury must be vacated and the case remanded for a new trial without the admission of the 1983 conviction.

## Sentencing

Defendant next argues that his conviction for criminal sexual assault should be reduced to a Class 1 felony and the matter should be

remanded for sentencing on that count because the court had improperly enhanced the defendant's conviction to a Class X felony based on the 1983 conviction. Defendant asserts that the 1983 conviction was not substantially equivalent to or more serious than the criminal sexual assault charged in this case. Therefore, enhancement was inappropriate. Although this issue is technically mooted by our decision regarding the admission of the evidence, we have decided to address it in order to give the trial court some direction should the defendant be found guilty following the retrial.

■ The sentence was enhanced pursuant to section 12—13(b)(4) of the Criminal Code of 1961 (720 ILCS 5/12—13(b)(4) (West 1998)). Under that section:

"A second or subsequent conviction for a violation of paragraph (a)(3) or (a)(4) or under any similar statute of this State or any other state for any offense involving criminal sexual assault that is substantially equivalent to or more serious than the sexual assault prohibited under paragraph (a)(3) or (a)(4) is a Class X felony." 720 ILCS 5/12—13(b)(4) (West 1998)

There is no question that this section is applicable to the facts in this case. The only question is whether the prior conviction for indecent liberties with a child was substantially equivalent to or more serious than the sexual assault charged in this case.

■ In order to have the defendant proven guilty of indecent liberties with a child, the State had to prove that the defendant was 17 years old or older and he performed or committed any of the following acts with a child under the age of 16: "(3) Any lewd fondling or touching of either the child or the person done or submitted to with the intent to arouse or to satisfy the sexual desires of either the child or the person or both." Ill. Rev. Stat. 1983, ch. 38, par. 11—4. On the other hand, for criminal sexual assault, the State had to prove that the defendant committed an act of sexual penetration with the victim who is under 18 years of age when the act was committed and that the accused was a family member. By strict comparison of the statutory elements, it is clear that indecent liberties with a child did not require the State to prove any type of penetration.

■ The State first responds by arguing that the defendant waived this issue on appeal because defense counsel admitted that the enhancement was applicable. By a review of the record, it is clear that defense counsel did admit that the enhancement was applicable at the sentencing hearing. In addition, when the defendant filed his posttrial motion following the sentencing, he did not make any argument that the enhancement was inappropriate.

Defendant acknowledges that this issue is technically waived.

However, he argues that the court should review the issue under plain error. Plain error applies where the evidence is so closely balanced or where the error affected the defendant's substantial rights. Certainly, the issue of whether the enhancement applies is a close call. Although we cannot necessarily say that the enhancement actually affected the defendant's substantial rights because the sentence that the trial court imposed was actually within the sentencing range for the Class 1 felony charge of criminal sexual assault, where a trial judge sentences a defendant under a different statute, the matter should be remanded for resentencing under the correct one. Thus, we will consider the merits of this argument under plain error.

■ The conviction for indecent liberties with a child was a Class 1 felony back in 1983. Although the statute did not require any type of penetration, the legislature did think the charge was significant enough to warrant a Class 1 felony label. The criminal sexual assault that the defendant was charged with in this case was also a Class 1 felony. However, indecent liberties with a child clearly did not require the proof of penetration, where criminal sexual assault did. Therefore, indecent liberties with a child was a lesser charge which was not substantially equivalent to or more serious than the criminal sexual assault in this case. Thus, the trial court erred in enhancing the criminal sexual assault to a Class X felony.

## CONCLUSION

Based on the foregoing, the case is remanded for a new trial excluding the evidence regarding the defendant's 1983 conviction. If the defendant is found guilty, the enhancement allowed under section 12—13(b)(4) of the Criminal Code (720 ILCS 5/12—13(b)(4) (West 1998)) should not be applied.

Reversed and remanded.

HOLDRIDGE and LYTTON, JJ., concur.