THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v. DARRYLE CHILDRESS, Defendant-Appellee.

First District (6th Division)   No. 1—01—4002

Opinion filed April 18, 2003.

Richard A. Devine, State's Attorney, of Chicago (Renee Goldfarb, James E. Fitzgerald, and Nancy Colletti, Assistant State's Attorneys, of counsel), for the People.

Rita A. Fry, Public Defender, of Chicago (Marjorie F. Davis, Assistant Public Defender, of counsel), for appellee.

JUSTICE GALLAGHER delivered the opinion of the court:

Defendant, Darryle Childress, was charged with aggravated criminal sexual assault, criminal sexual assault, aggravated kidnaping, kidnaping, aggravated battery and unlawful restraint in connection with an attack on June 13, 1999. At issue in this appeal are the charges of aggravated criminal sexual assault and criminal sexual assault. Prior to trial, defendant filed a motion *in limine* to bar the use of prior crimes committed by him for purposes of impeachment. The State filed a motion seeking to admit evidence of prior sexual offenses pursuant to section 115—7.3 of the Code of Criminal Procedure of 1963 (725 ILCS 5/115—7.3 (West 2000)). Following a simultaneous hearing on the motions, the circuit court of Cook County ruled that the State would not be permitted to introduce into evidence any of defendant's prior convictions in either its case in chief or in rebuttal. The State filed a certificate of substantial impairment alleging that, without the evidence of the other crimes, the State would be substantially impaired in its prosecution of the case. This appeal followed. We have jurisdiction over this appeal pursuant to Illinois Supreme Court Rule 604(a)(1) (145 Ill. 2d R. 604(a)(1); see also *People v. Drum*, 194 Ill. 2d 485, 491, 743 N.E.2d 44, 47 (2000)). We now affirm in part, reverse in part, and remand for further proceedings.

■ Section 115—7.3 of the Code of Criminal Procedure of 1963 (725 ILCS 5/115—7.3 (West 2000)) provides as follows:

"§ 115—7.3 Evidence in certain cases.

(a) This Section applies to criminal cases in which:

(1) the defendant is accused of predatory criminal assault of a child, aggravated criminal sexual assault, criminal sexual assault, aggravated criminal sexual abuse, criminal sexual abuse, or criminal transmission of HIV;

(2) the defendant is accused of battery or aggravated battery when the commission of the offense involves sexual penetration or sexual conduct as defined in section 12—12 of the Criminal Code of 1961; or

(3) the defendant is tried or retried for any of the offenses formerly known as rape, deviate sexual assault, indecent liberties with a child, or aggravated indecent liberties with a child.

(b) If the defendant is accused of an offense set forth in paragraph

(1) or (2) of subsection (a) or the defendant is tried or retried for any of the offenses set forth in paragraph (3) of subsection (a), evidence of the defendant's commission of another offense or offenses set forth in paragraph (1), (2), or (3) of subsection (a), or evidence to rebut that proof or an inference from that proof, may be admissible (if that evidence is otherwise admissible under the rules of evidence) and may be considered for its bearing on any matter to which it is relevant.

(c) In weighing the probative value of the evidence against undue prejudice to the defendant, the court may consider:

(1) the proximity in time to the charged or predicate offense;

(2) the degree of factual similarity to the charged or predicate offense; or

(3) other relevant facts and circumstances.

(d) In a criminal case in which the prosecution intends to offer evidence under this Section, it must disclose the evidence, including statements of witnesses or a summary of the substance of any testimony, at a reasonable time in advance of trial, or during trial if the court excuses pretrial notice on good cause shown." 725 ILCS 5/115—7.3 (West 2000).

In deciding that the evidence of defendant's two prior sexual assault convictions was not admissible, the trial court stated as follows:

"I'm looking at the statute, and the statute says [evidence of the prior offenses may be admissible] if it's otherwise admissible under the rules of evidence. And it may be considered for any issue for which it is relevant. Because if you do that, then, you also have to look at the probative value against the undue prejudice to the defendant. It asks you to look at the proximity in time, and the degree of factual similarity, and then also allows you to consider other relevant facts and circumstances.

My ruling is that, without reaching the other issues, I'm just dealing with subsection (c)(1) and (2). If the statute is okay, if everything else is okay, then I still find that this [19]86—allowing it in when—from what I have been presented, really dealt with a different issue of consent based on age, when the defendant was, maybe, seventeen or eighteen based on what I have been told about his age now. And I feel that the prejudice of allowing that in, prejudice would [accrue] to the defendant that would outweigh the probative value of that particular conviction.

As to the [19]93 conviction, from what I have been presented, it seems that there [were] two people, and it had something to do with somebody cheating somebody else and somebody decided they were going to punish this person by raping [her]. To me, that would show that he's a mean, nasty guy, and that prejudice would outweigh the probative value on this case."

Thus, in deciding whether the evidence of defendant's prior two convictions was admissible, the trial court apparently presumed that defendant's convictions in 1986 and 1993 and the alleged offense at issue fell under the description of those offenses included in subsections (a) and (b) of section 115—7.3. This presumption was correct and is not disputed by the parties. The court also apparently presumed, without deciding, that the portion of subsection (b) which provides that the evidence "may be considered for its bearing on any matter to which it is relevant" was satisfied. The trial court, nonetheless, pursuant to subsection (c), proceeded to determine that the probative value of the evidence was nonetheless outweighed by the undue prejudice to defendant.

■ A trial court's ruling on the admissibility of other-crimes evidence will not be reversed absent an abuse of discretion. *People v. Kliner*, 185 Ill. 2d 81, 146, 705 N.E.2d 850, 883 (1998); *People v. Luczak*, 306 Ill. App. 3d 319, 324, 714 N.E.2d 995, 999 (1999). An abuse of discretion occurs where the trial court's ruling is arbitrary, fanciful or where no reasonable person would take the view adopted by the trial court. *People v. Illgen*, 145 Ill. 2d 353, 364, 583 N.E.2d 515, 519 (1991).

## CRIMINAL INTENT OR ABSENCE OF INNOCENT FRAME OF MIND

The State's first argument below was that the evidence of defendant's two prior sexual offense convictions was highly probative of defendant's lack of innocent intent in the present case. The State further contends that the trial court's denial of its motion to admit evidence of defendant's other crimes for this purpose was a clear abuse of discretion.

■ Illinois courts have long held that evidence of other crimes may be relevant in a sexual assault prosecution to prove the defendant's intent or lack of an innocent frame of mind. See, *e.g.*, *People v. Deenadayalu*, 331 Ill. App. 3d 442, 772 N.E.2d 323 (2002); *People v. Childress*, 321 Ill. App. 3d 13, 746 N.E.2d 783 (2001); *People v. Luczak*, 306 Ill. App. 3d 319, 714 N.E.2d 995 (1999); *People v. Harris*, 297 Ill. App. 3d 1073, 697 N.E.2d 850 (1998); *People v. Johnson*, 239 Ill. App. 3d 1064, 608 N.E.2d 36 (1992). Where evidence of the defendant's involvement in another offense is offered to prove the presence of criminal intent or the absence of an innocent frame of mind, mere general areas of similarity between the two offenses will suffice. *People v. Illgen*, 145 Ill. 2d at 373, 583 N.E.2d at 523.

■ As to the 1986 conviction, the trial court noted that it occurred 13 years prior to the alleged offense in the present case, when

defendant was 17 or 18 years old, and that it dealt with a different issue of consent. Although the 1986 conviction involved an issue of consent, it was in the context of the complainant there being under the age of 13 and the law which states that a complainant of that age simply could not consent. In terms of the 1986 conviction's probative value as to defendant's criminal intent here, the State has failed to show even mere general areas of similarity between the 1986 conviction and the offense in this case. We cannot say that it was an abuse of discretion to refuse to allow evidence of the 1986 conviction to show defendant's criminal intent.

■ With respect to the 1993 conviction, the transcript shows that the trial court was aware of the similarities between the 1993 conviction and the offense involved in the present case. These similarities presented by the State included the following: (1) in both cases, the defendant forced vaginal penetration on the victim and also forced the victim to perform oral sex; (2) in both cases, the defendant confined the victim in an abandoned building; (3) the buildings were less than a quarter of a mile apart in distance; (4) excluding the time that defendant spent in custody for the 1993 conviction, the two offenses occurred within an approximate one-year time period; and (5) both offenses took place in the summertime period of the calendar year—only a few weeks apart. Defendant argued, however, that there was little similarity between the two offenses and pointed to the following distinctions: (1) in the 1993 case, the complainant had never seen defendant before whereas in the present case there was a prior dating relationship between defendant and the victim; (2) the motive in the 1993 case was punishment by the sexual act because the victim had cheated a third party out of either goods or money; (3) the 1993 offense involved two offenders and only defendant was involved in the present case; and (4) a weapon was involved in the 1993 case, but not in the present case. Despite the similarities between the two offenses, the trial court found that the sexual offense was committed as punishment and that if this evidence were heard by a trier of fact, it would be more prejudicial than probative. On this record, we cannot say that the trial court's decision to exclude the evidence of defendant's prior 1993 conviction for a sexual offense for its relevance as to defendant's criminal intent constituted an abuse of discretion.

With respect to defendant's lack of an innocent frame of mind, however, we do note the presence of an unresolved factual dispute. The parties disagreed below, as they now do on appeal, as to whether the 1993 conviction involved an allegation by defendant that the act was consensual. The State contended below that defendant's affirmative defense of consent in the present case, along with the other

similarities, makes more relevant the purported fact of defendant's allegation of consent in the prior case in terms of its similarity and its probative value to the instant case. The trial court made no finding and it is unclear whether its decision took this factor into account. As defendant correctly notes, however, the record before this court contains no evidence regarding defendant's prior convictions or the facts involved. We note, however, that the trial court's ruling on its motion *in limine* is an interlocutory order that is subject to review by the trial court any time prior to or during trial. See, *e.g.*, *People v. Hansen*, 327 Ill. App. 3d 1012, 1027, 765 N.E.2d 1033, 1046 (2002). Therefore, the State is not prohibited from asking the trial court to reconsider its ruling that the evidence was not admissible for the purpose of showing criminal intent regarding its case in chief if it should discover additional facts or evidence relevant to the admissibility of the evidence in question or in rebuttal for impeachment purposes should defendant choose to testify. *Hansen*, 327 Ill. App. 3d at 1027, 765 N.E.2d at 1046.

## PROPENSITY TO COMMIT A SEXUAL OFFENSE

The State's second issue on appeal is whether the trial court abused its discretion in refusing to allow the evidence of defendant's two prior sexual offense convictions where it was highly probative of defendant's propensity to commit a sexual offense. The State argues that, pursuant to section 115—7.3, the evidence was also admissible to demonstrate defendant's propensity to commit a sexual offense. The record shows that the parties presented arguments to the trial court as to the admissibility of the evidence for the purpose of showing criminal intent, as well as propensity. The trial court's order, however, does not make clear whether it was considering the evidence's probative value in terms of both criminal intent and propensity, or in terms of criminal intent alone. Both parties agree, and the record indicates, that the trial court did not decide whether section 115—7.3 permitted evidence of prior convictions for purposes of showing a defendant's propensity to commit sexual offenses. As they did below, however, each party now offers an alternative interpretation of section 115—7.3.

As evidenced by the transcript of the hearing below, the issue presented here of whether section 115—7.3 permits evidence of a prior sexual offense to be admitted for its probative value of a defendant's propensity to commit a sexual offense is one of first impression. This threshold issue that was not directly addressed by the trial court presents a pure question of law. Therefore, although we apply an abuse of discretion standard to the trial court's evidentiary rulings here, we shall first apply *de novo* review to this narrow issue of statutory interpretation.

## Evidence of Propensity Under Common Law

■ Under common law, it is axiomatic that evidence of other crimes is not admissible merely to prove a defendant's propensity to commit crime. *People v. Kliner*, 185 Ill. 2d at 146, 705 N.E.2d at 883; *People v. Johnson*, 239 Ill. App. 3d 1064, 1074, 608 N.E.2d 36, 44 (1992). Indeed, this principle has been pronounced as "a fundamental tenet of our criminal justice system." *People v. Williams*, 161 Ill. 2d 1, 39, 641 N.E.2d 296, 312 (1994). "Propensity evidence is not rejected because it is irrelevant; 'on the contrary, it is said to weigh too much with the jury and to so overpersuade them as to prejudice one with a bad general record and deny him a fair opportunity to defend against a particular charge.' " *Thompson v. Petit*, 294 Ill. App. 3d 1029, 1034, 691 N.E.2d 860, 864 (1998), quoting *Michelson v. United States*, 335 U.S. 469, 475-76, 93 L. Ed. 168, 174, 69 S. Ct. 213, 218 (1948); see also *People v. Lima*, 328 Ill. App. 3d 84, 96, 765 N.E.2d 64, 76 (2002) (explaining that the sound rationale for this rule is that such evidence overpersuades the jury, which might find a defendant guilty *only* because it feels he is a bad person deserving punishment).

## Evidence of Propensity and Section 115—7.3

The State contends that, despite the common law prohibition against the admission of other-crimes evidence to show a defendant's propensity to commit crimes, the legislature intended to make a specific exception in sex offense cases by enacting the statute involved here, section 115—7.3 of the Code of Criminal Procedure of 1963 (725 ILCS 5/115—7.3 (West 2000)). Defendant asserts the opposite and argues that section 115—7.3 merely codifies existing law.

■ The cardinal rule of statutory construction, to which all other rules are subordinate, is to ascertain and give effect to the true intent of the legislature. *People v. Maggette*, 195 Ill. 2d 336, 348, 747 N.E.2d 339, 346 (2001). The most reliable indicator of legislative intent is the language of the statute itself. *People v. Robinson*, 172 Ill. 2d 452, 457, 667 N.E.2d 1305, 1307 (1996). The plain language of the statute here provides that the evidence "may be admissible (if that evidence is otherwise admissible under the rules of evidence) and may be considered for its bearing on *any matter to which it is relevant*." (Emphasis added.) 725 ILCS 5/115—7.3(b) (West 2000).

Defendant contends that the language in section 115—7.3 which requires that the evidence be "otherwise admissible under the rules of evidence" reflects the legislature's intent to exclude propensity evidence. Defendant notes that the two cases interpreting section 115—7.3, neither of which was cited by the State, stand for the proposition that prior crimes evidence allowed by the statute is not

admissible to show propensity. See *People v. Donoho*, 326 Ill. App. 3d 403, 409, 760 N.E.2d 557, 562 (2001) (agreeing with defendant's contention that evidence of his prior conviction was not admissible "merely to show his propensity to commit a crime" but, rather, "could only be admitted if relevant for a material purpose other than to show propensity, such as *modus operandi*, intent, identity, motive or absence of mistake"); *People v. Wassell*, 321 Ill. App. 3d 1013, 1017, 748 N.E.2d 1269, 1271 (2001) ("Evidence of a defendant's commission of other crimes is generally admissible when it is relevant to prove a material question *other than the defendant's propensity* to commit the crime charged, such as *modus operandi*, intent, identity, motive, or absence of mistake." (Emphasis added.)). During the pendency of the instant case, however, the Illinois Supreme Court decided *People v. Donoho*, 204 Ill. 2d 159 (2002), in which it reversed the appellate court, in part, regarding the admissibility of the defendant's other crimes. *People v. Donoho*, 204 Ill. 2d at 186. Moreover, our supreme court specifically addressed the question presented here and held as follows: "In light of its legislative history, we find that the legislature enacted section 115—7.3 to enable courts to admit evidence of other crimes to show defendant's propensity to commit sex offenses if the requirements of section 115—7.3 are met." *People v. Donoho*, 204 Ill. 2d at 176.

As our supreme court has stated, "[w]here the meaning of a statute is unclear from a reading of its language, courts may look beyond the language of the statute and consider the purpose of the law, the evils it was intended to remedy, and the legislative history behind it." *Stroger v. Regional Transportation Authority*, 201 Ill. 2d 508, 524, 778 N.E.2d 683, 693 (2002). Although the parties take diametrically opposed positions as to the meaning and purpose of the statute, both have relied upon the legislative debates to support their respective positions. Our review of the legislative history of section 115—7.3, particularly the reference, during legislative debate, to the federal rule after which this statute was modeled, has led us to the indisputable conclusion that the legislature intended to single out sex offenders with this law in recognition of the propensity of sex offenders to repeat their crimes. The correctness of our conclusion was confirmed when the Illinois Supreme Court published its decision in *People v. Donoho*, 204 Ill. 2d 159 (2002), which provided an interpretation of section 115—7.3 and a discussion of its legislative history.

On March 19, 1997, Senator Christine Radogno explained that "[this bill] is an Attorney General initiative. It would allow the introduction of evidence of prior sex crimes into a trial of any of the sex offenses which are enumerated in the bill. It allows the court to determine exactly what evidence is admissible. This legislation, *which*

*is unique to sex offenders recognizes the propensity of sex offenders to repeat their crimes, and it allows the court to use this evidence in order to help protect society. It's patterned after the federal rules of evidence."* (Emphasis added.) 90th Ill. Gen. Assem., Senate Proceedings, March 19, 1997, at 56-57 (statements of Senator Radogno). Thus, the legislature intended to single out sex offenders with section 115—7.3 in recognition of a proclivity of sex offenders to repeat their crimes.

Although not discussed by the State and as explained by the court in *Donoho*, the Federal Rules of Evidence that section 115—7.3 is patterned after, and to which Senator Radogno referred, included Federal Rule of Evidence 413 (Fed. R. Evid. 413) (Rule 413), which Congress enacted into law and which went into effect on July 9, 1995. Rule 413 applies to sexual assault cases and makes evidence of other sexual assaults by the defendant admissible "on any matter to which it is relevant." Fed. R. Evid. 413.

Rule 413 states, in pertinent part, as follows:

"Evidence of Similar Crimes in Sexual Assault Cases

(a) In a criminal case in which the defendant is accused of an offense of sexual assault, evidence of the defendant's commission of another offense or offenses of sexual assault is admissible, and may be considered for its bearing on any matter to which it is relevant." Fed. R. Evid. 413.

Prior to the time Rule 413 was adopted, other federal rules of evidence, in particular Rule 404(b) (Fed. R. Evid. 404(b) (Rule 404(b)), provided that evidence of other prior offenses was only admissible to show proof of motive, opportunity, intent, preparation, plan, knowledge, or identity, but was not admissible to show a defendant's propensity to commit a charged crime. Thus, Rule 404(b) was substantially similar to Illinois common law regarding admissibility of other crimes. Nonetheless, it is well recognized that Rule 413 represented a change in the law. See, *e.g.*, *United States v. Tyndall*, 263 F.3d 848, 850 (8th Cir. 2001) ("Although Federal Rule of Evidence 404(b) generally excludes the admission of evidence of other crimes to show the propensity to commit a particular crime, Congress excepted sexual assault cases from this rule when it enacted Federal Rule of Evidence 413"); *United States v. Guardia*, 135 F.3d 1326, 1329 (10th Cir. 1998) ("Under Rule 413, however, evidence of a defendant's other sexual assaults may be admitted 'for its bearing on *any* matter to which it is relevant.' [Citation] (emphasis added). Thus, Rule 413 supersedes Rule 404(b)'s restriction and allows the government to offer evidence of a defendant's prior conduct for the purpose of demonstrating a defendant's propensity to commit the charged offense").

Section 115—7.3 contains the same language which provides that the evidence "may be considered for its bearing on any matter to which it is relevant." 725 ILCS 5/115—7.3(b) (West 2000). Propensity is a relevant matter. See, *e.g.*, *United States v. Guardia*, 135 F. 3d at 1328 ("A defendant with a propensity to commit acts similar to the charged crime is more likely to have committed the charged crime than another. Evidence of such a propensity is therefore relevant"). Nonetheless, such evidence is not automatically admissible under section 115—7.3, which requires that the evidence be "otherwise admissible." Thus, evidence that is normally inadmissible, such as hearsay evidence, remains inadmissible. Additionally, the admissibility of the evidence is subject to the balancing test in subsection (c).

■ Thus, defendant's argument that section 115—7.3 merely codified common law is wrong. As this court has explained, " '[a] statute will be construed as changing common law only to the extent that the terms thereof warrant, or as necessarily implied from what is expressed.' " *Hormel Foods Corp. v. Zehnder*, 316 Ill. App. 3d 1200, 1210, 738 N.E.2d 145, 153 (2000), quoting *Hawkins v. Hawkins*, 102 Ill. App. 3d 1037, 1039, 430 N.E.2d 652 (1981), citing *Sternberg Dredging Co. v. Estate of Sternberg*, 10 Ill. 2d 328, 140 N.E.2d 125 (1957). As one commentator has noted, because federal courts address few rape and child molestation cases, Rule 413 and Rule 414 were "intended to be an example for the states to consider and adopt in their own rules of evidence." S. Scott, *Fairness to the Victim: Federal Rules of Evidence 413 and 414 Admit Propensity Evidence in Sexual Offender Trials*, 35 Hous. L. Rev. 1729, 1765 (1999). By adopting section 115—7.3, a counterpart to Rule 413, the Illinois state legislature clearly intended to change the common law prohibition against propensity evidence in the case of sex offenders. We note that the highest court in California, one of the other jurisdictions that has a similar state statute[1], has expressly stated this conclusion. See *People v. Falsetta*, 21 Cal. 4th 903, 986 P.2d 182, 89 Cal. Rptr. 2d 847 (1999), *cert. denied*, 529 U.S. 1089, 146 L. Ed. 2d 645, 120 S. Ct. 1723 (2000) (statute permitting admission of prior sex offenses as propensity evidence in sex offense cases implicitly abrogates prior decisions of state supreme court indicating that such propensity evidence is *per se* unduly prejudicial); see also *People v. Hoover*, 77 Cal. App. 4th 1020, 92 Cal. Rptr. 2d 208 (2000) (rule that evidence of prior acts is generally inadmissible to prove conduct was relaxed with respect to sex offense cases by enactment of provision of evidence code governing admission of evidence of another sexual offense by defendant). Thus, to extent that either

---

[1]Cal. R. Evid. 1108.

*People v. Donoho*, 326 Ill. App. 3d 403, 760 N.E.2d 557 (2001), or *People v. Wassell*, 321 Ill. App. 3d 1013, 748 N.E.2d 1269 (2001), stands for the proposition that section 115—7.3 does not allow evidence of a defendant's prior sexual offenses to be admitted to show propensity to commit a sexual offense, they have been overruled by *People v. Donoho*, 204 Ill. 2d 159 (2002). Moreover, neither case had squarely addressed the purpose of section 115—7.3 or mentioned the federal rule after which section 115—7.3 was patterned.

## WHETHER TRIAL COURT ABUSED ITS DISCRETION IN REFUSING TO ALLOW DEFENDANT'S OTHER CRIMES INTO EVIDENCE

■ Having determined that the purpose of section 115—7.3 was to provide for the admission of evidence of prior sexual offenses to show a defendant's propensity to commit a sexual offense, the issue remains as to whether the trial court's decision that the probative value of the evidence was outweighed by its prejudicial effect was an abuse of discretion. The trial court noted that its decision presumed that the other requirements of the statute were satisfied, but concluded nonetheless that, pursuant to its application of subsection (c) alone, the prejudicial effect of the evidence outweighed its probative value. The trial court's order does not, however, explicitly state whether the evidence was considered in terms of its probative value of defendant's propensity to commit a sexual offense.[2] In any event, there are no factual issues in dispute with respect to the application of the statute here to show defendant's propensity. We therefore do not believe it is necessary to remand the case. Thus, in the interests of judicial economy and pursuant to our powers under Supreme Court Rule 366 (134 Ill. 2d R. 366), we shall also address the second issue raised by the State in this appeal, namely, whether the trial court abused its discretion in denying the State's motion to admit evidence of defendant's other sexual assault crimes for the purpose of showing defendant's propensity to commit a sexual offense. As we did with respect to the prior convictions' probative value for criminal intent, we shall consider each conviction separately.

---

[2]There is a possibility that the trial court might have determined that the statute did permit evidence to be admitted for its probative value of propensity as well as criminal intent. To the extent that the trial court determined that evidence was inadmissible *per se* as to its probative value for propensity, that decision is incorrect as a matter of law. Alternatively, to the extent that the trial court applied subsection (c) without first deciding whether propensity evidence was allowed under the statute, any decision could only be arbitrary and an abuse of discretion.

■ Under subsection (c)'s balancing test, the trial court may consider: "(1) the proximity in time to the charged or predicate offense; (2) the degree of factual similarity to the charged or predicate offense; or (3) other relevant facts and circumstances." 725 ILCS 5/115—7.3(c) (West 2000). As noted under our analysis regarding the admissibility of defendant's 1986 conviction for its probative value of defendant's criminal intent, the trial court considered the fact that the offense occurred 13 years prior to the alleged offense in the present case, when defendant was 17 or 18 years old, and that it dealt with a different issue of consent. Considering the evidence in terms of its probative value for propensity, we cannot say that it was an abuse of discretion for the trial court, when it applied subsection (c), to refuse to allow evidence of defendant's 1986 conviction for the purpose of showing his propensity to commit a sexual offense.

■ With respect to the 1993 conviction, however, there was a very close proximity in time between that offense and the one involved here. Excluding the time that defendant spent in custody for the 1993 conviction, the two offenses occurred within an approximate one-year time period. In addition to the close proximity in time, the degree of factual similarity was strong and highly probative of defendant's propensity to commit a sexual offense. As noted earlier, these similarities were as follows: (1) in both cases, the defendant forced vaginal penetration on the victim and also forced the victim to perform oral sex; (2) in both cases, the defendant confined the victim in an abandoned building; (3) the buildings were less than a quarter of a mile apart in distance; and (4) both offenses took place in the summertime period of the calendar year—only a few weeks apart. Although some of the circumstances of the 1993 offense were different, notably the defendant's "motive"—punishment, this factor was insignificant. Any possible prejudicial effect of this latter factor, such as the jury believing defendant was a "mean, nasty guy" does not outweigh the evidence's probative value of defendant's *propensity* to commit a sexual offense. It was an abuse of discretion for the trial court to refuse to allow defendant's 1993 conviction into evidence in the State's case in chief for its relevance to propensity.

Where a state statute has a federal counterpart, Illinois courts have looked for guidance to federal cases interpreting the federal law. See, *e.g.*, *Stroh Oil Co. v. Office of the State Fire Marshal*, 281 Ill. App. 3d 121, 127, 665 N.E.2d 540, 545 (1996) (noting similarities between Illinois's Forms Management Program Act (20 ILCS 435/1 *et seq.* (West 1994)) and its federal counterpart, the Federal Paperwork Reduction Act of 1980 (44 U.S.C. §§ 3501 through 3520 (1988)), including the goals of the two acts, and deciding that the federal act and the federal

cases interpreting it provided some guidance); *Pines v. Pines*, 262 Ill. App. 3d 923, 931, 635 N.E.2d 986, 991 (1994) ("This court may look to cases interpreting Rule 11 of the Federal Rules of Civil Procedure (Fed. R. Civ. P. 11) for guidance in interpreting Rule 137 because the rules are substantially similar"); *Carter Coal Co. v. Human Rights Comm'n*, 261 Ill. App. 3d 1, 14, 633 N.E.2d 202, 211 (1994) (noting that due to similarities between Illinois Human Rights Act (775 ILCS 5/1—101 *et seq.* (West 1992)) and Federal Civil Rights Act of 1964 (42 U.S.C.§ 2000 *et seq.* (1982)), the Illinois courts often look to federal law for guidance and that doing so was appropriate where case presented an issue of first impression).

Applying this principle here, we find persuasive the federal case of *United States v. Tyndall*, 263 F.3d 848 (8th Cir. 2001), which involved two separate sexual assaults committed by the defendant, one involving a 13-year-old girl and the other a woman in her sixties. Although the *Tyndall* case involved joinder in one trial of the two offenses, the court's discussion of Rule 413 is relevant to the instant case. The *Tyndall* court noted as follows:

> " 'In considering evidence offered under Rule[ ] 413 ..., a trial court must still apply Rule 403, though in such a way as "to allow [Rule 413 its] intended effect." ' *United States v. Mound*, 149 F.3d 799, 800 (8th Cir. 1998), *cert. denied*, 525 U.S. 1089, 119 S. Ct. 842, 142 L. Ed. 2d 697 (1999) (quoting *United States v. LeCompte*, 131 F.3d 767, 769 (8th Cir. 1997)) (alteration added). There is in this kind of case a 'strong legislative judgment' that evidence of prior sexual crimes 'should ordinarily be admissible,' *LeCompte*, 131 F.3d at 769, and we see no reason to hold that such evidence was not admissible here. Although the later incident certainly does not portray [the defendant] in the best light, admission of evidence regarding it was not so unfairly prejudicial as to require exclusion." *Tyndall*, 263 F.3d at 850.

Similarly here, in applying subsection (c) to evidence offered under subsections (a) and (b) of section 115—7.3, a trial court must still consider the factors in subsection (c) in such a way as to allow section 115—7.3 its intended effect. We conclude that the trial court abused its discretion in refusing to allow into evidence the 1993 conviction. The evidence was probative of defendant's propensity to commit a sexual offense. This probative value was not outweighed by the prejudicial effect that might result from the jury concluding that defendant was a "mean, nasty guy" if the jury learned of the motive for the 1993 offense, *i.e.*, punishment.

We hold that section 115—7.3 allows evidence of prior sexual offenses to be admitted to show that a defendant has the propensity to

commit such crimes. We cannot say that the trial court abused its discretion in excluding the 1986 conviction. The trial court did, however, abuse its discretion in refusing to allow into evidence the 1993 conviction because the evidence was probative of defendant's propensity to commit a sexual offense and this probative value was not outweighed by the prejudicial effect.

In accordance with the foregoing, we affirm that portion of the decision of the circuit court of Cook County refusing to allow defendant's 1986 conviction into evidence, but we reverse that portion of the decision refusing to allow into evidence defendant's 1993 conviction. We remand this matter for further proceedings consistent with this opinion.

Affirmed in part and reversed in part; cause remanded.

O'BRIEN, P.J., and O'MARA FROSSARD, J., concur.