NOTICE
Decision filed 05/19/26. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2026 IL App (5th) 250563-U

NO. 5-25-0563

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE
This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellant, | ) | St. Clair County. |
| | ) | |
| v. | ) | No. 24-CF-1140 |
| | ) | |
| ANTROYNE D. DUNCAN, | ) | Honorable |
| | ) | Zina R. Cruse, |
| Defendant-Appellee. | ) | Judge, presiding. |

JUSTICE HACKETT delivered the judgment of the court.
Justices Vaughan and Bollinger concurred in the judgment.

**ORDER**

¶ 1    *Held*: The trial court's order denying the State's request to introduce other-crimes evidence is affirmed in part where the trial court did not abuse its discretion in prohibiting the State from introducing evidence that the defendant was charged in June 2025 with a drug-related offense and prohibiting evidence related to the defendant's December 2017 drug-related conviction, December 1998 murder conviction, and March 1995 drug-related conviction. However, the trial court's order is reversed where the trial court abused its discretion in conditioning the admission of evidence related to the defendant's June 2023 drug-related incident on whether the defendant testifies at trial.

¶ 2    The State appeals from an order of the circuit court of St. Clair County denying in part the State's motion to admit other-crimes evidence in the form of the defendant, Antroyne D. Duncan's, previous charges and convictions. For the reasons that follow, we affirm in part, reverse in part, and remand for further proceedings.

1

¶ 3                                    I. BACKGROUND

¶ 4      In July 2024, the State charged the defendant with first degree murder, alleging that on December 1, 2023, the defendant, without lawful justification and with the intent to kill or to do great bodily harm, shot Joseph Hudson in the back with a firearm, causing Hudson's death. The State's theory of the case was that the defendant was Hudson's drug dealer, Hudson owed the defendant money for cocaine, and the unpaid debt was the defendant's motivation for killing Hudson.

¶ 5      On June 13, 2025, the State filed a notice of intent to introduce evidence of other crimes, wrongs, or acts pursuant to Illinois Rule of Evidence 404(b) (eff. Jan. 1, 2011). Specifically, the State sought to admit the following evidence: (1) that in June 2025, the defendant was charged with unlawful possession with the intent to deliver a controlled substance (case No. 25-CF-988), and during the execution of a search warrant on his home, the Illinois State Police recovered 36.9 grams of cocaine; (2) that in June 2023, the defendant was charged with one count of unlawful possession with the intent to deliver a controlled substance and two counts of unlawful delivery of a controlled substance (case No. 23-CF-1075), and during the execution of the search warrant on his home, the St. Clair County Drug Tactical Unit (DTU) recovered 58.1 grams of cocaine from a kitchen cabinet and toilet, .9 grams of cocaine from his vehicle, over $2,000 in cash, multiple firearms, a digital scale, and packaging material; (3) that during an interview with the DTU, the defendant admitted that he sometimes sold crack cocaine; (4) that in December 2017, the defendant was convicted of unlawful possession of a controlled substance for knowingly possessing less than 15 grams of a substance containing cocaine (case No. 17-CF-987); (5) that in December 1998, the defendant was convicted of murder (case No. 98-CF-751), the murder occurred at a known drug house, and the police had a witness statement, indicating that the defendant was selling drugs out

2

of the house; and (6) that in March 1995, the defendant was convicted of unlawful possession with intent to deliver a controlled substance (case No. 95-CF-302), after the defendant was found asleep in the driver's seat of his vehicle with a plastic bag containing 128 pieces of crack cocaine in his possession.

¶ 6    In the notice, the State noted its intent to introduce the above evidence to show the defendant's motive for committing the present murder. The State argued that the defendant's "history of drug dealing furnishe[d] a back story that [made] the immediate evidence of the charged crime coherent and understandable."

¶ 7    At the June 24, 2025, pretrial hearing on the State's notice of intent, the State argued that the other-crimes evidence was admissible to show a continuing narrative giving rise to the present offense, to explain an aspect of the present charge that would otherwise be implausible or inexplicable, and to establish intent and motive. The State contended that the identified other-crimes evidence was necessary to establish the relationship between the defendant and Hudson and to explain the defendant's motive for murdering Hudson. The State argued that if evidence of the defendant's prior history of drug dealing was not presented to the jury, there would be no explanation for why the defendant was at Hudson's house at the time of the murder. Additionally, the State noted that, at the trial, it intended to call at least one witness from case No. 23-CF-1075, who would testify that during the defendant's interview with the DTU, the defendant had admitted that he sold cocaine and that he was "fronted the money for the cocaine and [had] to pay it back." The State argued that this admission went directly to its theory of motive, *i.e.*, that the defendant murdered Hudson because Hudson failed to pay the defendant. The State noted that if the other-crimes evidence was admitted, a jury instruction limiting the consideration of this evidence to proof of the defendant's intent and motive would overcome any prejudice.

3

¶ 8 Defense counsel objected to the other-crimes evidence, arguing that the evidence was highly prejudicial and that a limiting jury instruction was insufficient to cure that prejudice. Counsel noted that he strongly anticipated that, during the trial, it would be revealed that the defendant was selling controlled substances and that, by itself, was highly prejudicial. Counsel argued that permitting the State to introduce evidence of the defendant's previous drug-related charges and convictions would compound that prejudice.

¶ 9 After hearing the arguments, the trial court orally announced its findings. The trial court permitted the limited use of the evidence concerning case No. 25-CF-988 because it resulted from a search warrant that related to the present case. The trial court specified that the State could introduce evidence showing that a search warrant was executed and what was found during the search but could not mention that the defendant had been charged as a result. Also, the trial court noted that the State could produce testimony from a qualified officer that, based on the officer's experience, the quantity of drugs discovered was indicative of drug dealing. As for the admissions the defendant made in case No. 23-CF-1075, the trial court determined that those admissions were only admissible if the defendant testified at trial and directly contradicted his prior statements. The trial court explained that if the defendant did not testify, then the fact that he was charged, the issuance of the search warrant, and his statements to the DTU would be inadmissible.

¶ 10 The trial court also found that the defendant's December 1998 murder conviction, or the conduct giving rise to that conviction, was inadmissible, as the conviction was not necessary to explain any aspect of the current charge that was otherwise implausible or inexplicable. Similarly, the trial court found that the defendant's 1995 drug-related conviction was inadmissible because it compounded a characterization of the defendant instead of establishing a current motive or intent, or explaining anything that was implausible or inexplicable in the present case. Further, the

4

trial court found that the 2017 drug-related conviction was inadmissible because its prejudicial effect outweighed its probative value.

¶ 11 Also on June 24, the trial court entered a written order reiterating its findings on the other-crimes evidence. Specifically, regarding case Nos. 98-CF-751, 95-CF-302, and 17-CF-987, the trial court found that the prejudicial effect of this evidence outweighed the probative value. On July 16, 2025, the State filed a timely notice of appeal and an affidavit stating that the trial court's order substantially impaired its ability to prosecute its case.

¶ 12                                II. ANALYSIS

¶ 13 Evidence of other crimes is not admissible to show a defendant's propensity to commit a crime. *People v. Pikes*, 2013 IL 115171, ¶ 11. However, other-crimes evidence is admissible for any purpose other than to show a defendant's propensity to commit crimes, and such purposes may include motive, intent, identity, lack of mistake, and *modus operandi*. *People v. Wilson*, 214 Ill. 2d 127, 136 (2005). In addition, "[o]ther-crimes evidence is admissible if it is part of a continuing narrative of the event giving rise to the offense, intertwined with the charged offense, or explains an aspect of the charge which would otherwise be implausible or inexplicable." *People v. Patterson*, 2013 IL App (4th) 120287, ¶ 58. The other-crimes evidence rules are codified in Illinois Rule of Evidence 404(b) (eff. Jan. 1, 2011), which states, "Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith except as provided by [certain statutes]. Such evidence may also be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident."

¶ 14 However, even when the evidence is offered for a permissible purpose, the other-crimes evidence may be excluded if its prejudicial effect substantially outweighs its probative value.

5

*People v. Illgen*, 145 Ill. 2d 353, 365 (1991). The determination of whether the other-crimes evidence should be admissible is not dependent on whether the evidence is prejudicial, as the evidence is unquestionably prejudicial to a defendant. *People v. Perez*, 2012 IL App (2d) 100865, ¶ 45. Instead, the concern is that the prejudice is undue or unfair, such that it is the type of prejudice that would lure the factfinder into finding a defendant guilty on a different ground than from the specific proof presented on the charged offense. *People v. Maya*, 2017 IL App (3d) 150079, ¶ 66.

¶ 15    The admissibility of other-crimes evidence lies within the sound discretion of the trial court and will not be disturbed absent an abuse of that discretion. *Wilson*, 214 Ill. 2d at 136. An abuse of discretion is found where the trial court's decision is arbitrary, fanciful, or unreasonable, or where no reasonable person would take the trial court's view. *People v. Childress*, 338 Ill. App. 3d 540, 545 (2003).

¶ 16    Here, the State first contends that the trial court abused its discretion in denying its request to introduce evidence that in June 2025, the defendant was charged with unlawful possession with intent to deliver a controlled substance (case No. 25-CF-988), as it was necessary to establish the defendant's history of selling controlled substances. However, although the trial court denied the State's request to mention that the defendant was charged in this incident, the trial court did allow the State's limited use of this evidence. Specifically, the trial court permitted the State to introduce evidence showing that a search warrant was executed and what was discovered during the execution of that search warrant. The trial court also permitted the State to produce testimony from a qualified officer that, based on the officer's experience, the quantity of drugs discovered was indicative of drug dealing. As the State was permitted to introduce evidence about the circumstances surrounding the charge, the State could effectively establish the defendant's motive for killing Hudson and explain any implausible or inexplicable aspect of the present offense

6

without mentioning that the defendant had been charged in case No. 25-CF-988. Thus, we find that the trial court's decision here was not an abuse of discretion.

¶ 17    The State next contends that the trial court abused its discretion in finding that evidence relating to case No. 23-CF-1075 was only admissible if the defendant testified at trial. The trial court indicated that if the defendant did not testify, then the defendant's charge, the issuance of the search warrant, and the defendant's statements to the DTU would be inadmissible. However, in making this decision, the trial court did not explain why it was treating the drug-related charges brought in this case differently from the drug-related charge brought in case No. 25-CF-988. Similar to case No. 25-CF-988, the circumstances surrounding the defendant's charges in case No. 23-CF-1075 were relevant to establish the defendant's motive for killing Hudson and to explain why he was at Hudson's house at the time the murder was committed. This evidence demonstrates that the defendant was actively engaged in selling controlled substances around the time of Hudson's murder. Also, like in case No. 25-CF-988, the prejudicial effect of this other-crimes evidence is not substantially outweighed by its probative value. Thus, we find that the trial court abused its discretion in treating this evidence differently from case No. 25-CF-988 by conditioning its admissibility on whether the defendant testifies at trial.

¶ 18    The State further contends that the trial court abused its discretion in denying its request to introduce evidence of the defendant's December 2017 conviction for unlawful possession of a controlled substance, his December 1998 murder conviction, and his March 1995 conviction for unlawful possession with intent to deliver a controlled substance. The State argues that this evidence is also necessary to establish the defendant's motive for killing Hudson and the defendant's long history of selling controlled substances. However, as previously noted, in denying the State's request to introduce this evidence, the trial court found that the evidence of the

7

defendant's 1995 drug-related conviction compounded a characterization of the defendant instead of establishing a current motive or explaining anything that was implausible or inexplicable in the present case. Similarly, the trial court found that evidence of the defendant's December 1998 murder conviction, or the conduct giving rise to that conviction, was unnecessary to explain any implausible or inexplicable aspect of the present murder charge. As for the 2017 drug-related conviction, the trial court found that its prejudicial effect outweighed its probative value. In addition, in its June 2025 written order, the trial court found that the prejudicial effect of the evidence in these cases outweighed the probative value.

¶ 19    Although the evidence in the drug-related cases would be relevant to establishing the defendant's long history of selling controlled substances, an overaccumulation of admissible other-crimes evidence could confuse or mislead the jury. See *People v. Felton*, 2019 IL App (3d) 150595, ¶ 44 (the amount and accumulation of other-crimes evidence increases the danger of unfair prejudice outweighing the probative value). In addition, the 1995 charge, being an approximately 30-year-old charge, was too remote in time that its prejudicial effect substantially outweighs its probative value. As for the murder charge, we note that our supreme court has instructed in *People v. Atkinson*, 186 Ill. 2d 450, 463 (1999), that trial courts should be cautious in admitting prior convictions for the same crime as the charged crime. Further, we note that the State being prohibited from introducing this evidence will not prevent the State from establishing the defendant's motive for the present murder or that the defendant had a history of selling controlled substances.

¶ 20    Moreover, we note that the trial court was in the best position to weigh the prejudicial impact of the other-crimes evidence in the context of the entire case. The record here reflects that the trial court weighed the potential prejudice of this evidence against its probative value.

8

Reviewing the trial court's decision under the abuse of discretion standard, we conclude that the court did not abuse its discretion in determining that the prejudicial effect of this other-crimes evidence substantially outweighed the probative value.

¶ 21　Therefore, based on the above, we affirm the trial court's decisions with respect to the other-crimes evidence relating to case No. 25-CF-988, case No. 17-CF-987, case No. 98-CF-751, and case No. 95-CF-302. However, we reverse the trial court's decision to condition the admissibility of the other-crimes evidence related to case No. 23-CF-1075 on whether the defendant testifies at trial. Specifically, we find that, similar to case No. 25-CF-988, the fact that the defendant was charged in case No. 23-CF-1075 is inadmissible, but the circumstances incident to both charges may be introduced if otherwise admissible.

¶ 22　　　　　　　　　　　　III. CONCLUSION

¶ 23　For the above reasons, we affirm the judgment of the circuit court of St. Clair County in part and reverse in part. We also remand the cause for further proceedings consistent with this decision.

¶ 24　Affirmed in part and reversed in part.

¶ 25　Cause remanded.